[No. 15447. Department One.—April 28, 1894.]

## M. D. FAIRCHILD ET AL., APPELLANTS, *v.* C. H. KING ET AL., RESPONDENTS.

REAL ESTATE BROKER—LEASE OF LAND—AGENCY—DELEGATION OF POWER BY AGENT.—Where the owner of land authorized a real estate agent to procure a tenant who would accept a lease of the land, for a certain commission, and such agent was not specially authorized to appoint subagents for the purpose of securing a tenant, such agent or broker cannot delegate power to other real estate brokers to secure a lessee, so as to bind the principal to pay for their services.

ID.—DISCRETIONARY POWER NOT TRANSFERABLE.—It is a general principle that delegated power cannot be delegated; and where a broker or agent is selected as a specialist on account of his presumed skill and discretion, and of the confidence bestowed on him by his principal, he cannot transfer or depute his duties, so far as they are discretionary, to another.

ID.—LIABILITY OF AGENT—INVALID CONTRACT.—An agent who makes an invalid contract to delegate power which he is not authorized to delegate is not liable to subagents to whom he assumed to delegate the power by an invalid contract, where he did not personally agree to pay them any thing for their services.

ID.—PLEADING—ALLEGATION OF INDEBTEDNESS.—An allegation of indebtedness of a date long prior to the commencement of the action is no evidence of an existing indebtedness upon the date of the filing of the complaint, and such allegation is valueless.

ID.—NONSUIT—PAYMENT OF JURY.—Where the court nonsuits the plaintiffs upon a jury trial it is justified in ordering the plaintiff to pay the jury fees.

APPEAL from an order of the Superior Court of Alameda County denying a new trial.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellants.

Even if the authority of Jackson was not as full as it might be, yet King ratified Jackson's acts, and made them equivalent to a previous authority, and retained the benefits of the services of an apparent agent. (Civ. Code, secs. 2309–11; *People* v. *Swift,* 31 Cal. 26; Civ. Code, secs. 2315, 2317.) Ostensible authority was conferred on Jackson by King. (Civ. Code, sec. 2317; *Crowley* v. *Genesee Mining Co.,* 55 Cal. 274; *Quinn* v. *Dresbach,* 75 Cal. 159, 162; 7 Am. St. Rep. 138; *Heald* v. *Hendy,* 89 Cal. 632, 634.) Agency may be proved by acts done by the agent with knowledge of the principal. (Story on Agency, secs. 45, 47, 57, 60; *Bronson* v. *Chappell,* 12 Wall. 681, 683; *Renwick* v. *Bancroft,* 56 Iowa, 527; *Pendleton* v. *Empire Stone Dressing Co.,* 19 N. Y. 13; *Darling* v. *Howe,* 14 N. Y. Supp. 561, 564; *Eggleston* v. *Austin,* 27 Kan. 245; *Bronson* v. *Chappell,* 12 Wall. 681, 683.)

In the absence of any understanding between a principal and his agent whether the latter is to be paid for his services, the law will supply the omission, presume that the agent is an agent for hire, and hold him accountable accordingly. (*Mangum* v. *Ball,* 43 Miss. 288; 5 Am. Rep. 488; *Darling* v. *Howe,* 14 N. Y. Supp. 561.) The allegation of indebtedness is not denied specifically or sufficiently. (*Leroux* v. *Murdock,* 51 Cal. 541, 543; *Fish* v. *Redington,* 31 Cal. 185, 194; *Blood* v. *Light,* 31 Cal. 115, 117; *Marsters* v. *Lash,* 61 Cal. 622, 624.) A denial of indebtedness instead of the facts is fatally defective. (*Gulf of California & E. Co.* v. *State & I. Co.,* 70 Cal. 586; *Drew* v. *Pedlar,* 87 Cal. 443, 446; 22 Am. St. Rep. 257.)

*A. P. Van Duzer,* for Respondents.

A broker is a confidential trustee and cannot delegate his authority. (Wharton on Agency, sec. 709; Civ. Code, secs. 2349, 2350; *Sayre* v. *Nichols,* 7 Cal. 535; 68 Am. Dec. 280.)

GAROUTTE, J.—This is an action by Fairchild, Lawton, and Mathison, as brokers, to recover ten thousand dollars commissions for services performed in finding a tenant for a certain tract of land belonging to defendant King. Plaintiffs were nonsuited by the trial court, and the evidence upon which they relied at the trial for a recovery is stated by their counsel in a most favorable light for them as follows: "Defendant King owned the ranch referred to in the pleadings and evidence. He authorized defendant Jackson to secure a tenant for said ranch. Defendant Jackson communicated with and authorized plaintiff Fairchild to secure a tenant for said ranch, and told him of defendant King's willingness to pay a liberal commission. Plaintiff Fairchild employed plaintiffs Lawton and Mathison to assist in securing a lessee, and said Lawton, Mathison, and Fairchild did negotiate with one A. L. Reed. Said Reed was introduced to defendant King by said Lawton, and defendant King entered into a lease of said ranch with said Reed." The evidence further disclosed that King had promised Jackson certain compensation if he produced a tenant. Upon this statement of facts the judgment of nonsuit was properly granted in favor of defendant King. The plaintiffs were strangers to him. He never directly or indirectly contracted in any manner for their services. And it is not claimed that Jackson was specially authorized to appoint subagents for the purpose of securing a tenant, as may be done in certain cases under section 2349 of the Civil Code. This case does not furnish one of the exceptions laid down in that section to the general principle that delegated power cannot be delegated. Wharton on Agency, section 709, thus states the rule: "A broker, like an attorney, is selected as a specialist on account of his presumed skill and discretion, and of the confidence bestowed on him by his principal. He therefore cannot depute his duties, so far as they are discretionary, to another."

Plaintiffs also were properly nonsuited as to defendant Jackson. Their evidence throughout the case expressly

repudiates the idea that defendant Jackson ever agreed to pay them any thing for their services as brokers.

The complaint contains the following allegation: "That on the twenty-first day of October, A. D. 1889, said defendants became and were indebted to said plaintiffs in the sum of ten thousand dollars for services rendered said defendants, at their special instance and request, as brokers, in finding a person ready and willing to lease, and in effecting a lease, for the term of seven years, of a certain rancho in the county of Monterey, generally known as King's rancho." It is now insisted that the facts therein recited must be deemed admitted upon the ground of insufficient denials thereof. Conceding the denials of such a character as to avail nothing, still we think this allegation of the complaint of a character utterly valueless. The complaint was filed October 21, 1891. The allegation of the complaint attempts to set up an indebtedness existing October 21, 1889. An allegation of indebtedness of that date is no evidence of an existing indebtedness upon the date of the filing of the complaint two years later.

The court was justified in ordering the plaintiff to pay the jury fees. (*Lukes* v. *Logan*, 66 Cal. 33.)

The remaining grounds relied upon for a new trial are unimportant. There is no merit in the appeal.

Order affirmed.

PATERSON, J., and HARRISON, J., concurred.