[No. 19547. In Bank.—December 14, 1896.]

## ILLINOIS TRUST AND SAVINGS BANK, RESPONDENT, v. PACIFIC RAILWAY COMPANY ET AL., DEFENDANTS. S. J. HENDY ET AL., EXECUTORS, ETC., APPELLANTS.

STREET RAILWAY—FORECLOSURE OF LIENS—RECEIVER'S CERTIFICATES—APPEAL BY LIENHOLDER—PRESUMPTIONS IN FAVOR OF JUDGMENT—JURISDICTION OF PRIOR ACTION — PARTIES.—In an action to foreclose a mortgage upon a street railway, where the trial court finds that in a prior action a receiver had been appointed to take possession of and operate the street-car lines, and that certain receiver's certificates had been authorized and issued in such action, and, by its judgment, declares such certificates to be a first lien upon the mortgaged property,

upon appeal from such judgment by a subsequent lienholder, taken upon the judgment-roll alone, no inference can be indulged to defeat the judgment, and facts which would have authorized the action of the trial court must be presumed to have existed; and where the record upon such appeal does not show the character of the prior action in which the receiver was appointed, nor that there was not before the court in that action everything in the way of subject matter and parties requisite to give the court jurisdiction to bind the property and parties in the foreclosure suit, it will be presumed that the prior action was one which authorized the appointment of the receiver, and that facts existed authorizing the court in such action to issue the certificates, and giving it jurisdiction to bind the property and parties to the foreclosure suit, and also that such facts were proved at the trial of the foreclosure suit, in the absence of evidence and findings to the contrary.

ID.—RECEIVERSHIP OF STREET RAILWAY—POWER OF COURT AS TO OPERATION—EXPENSES—BURDEN UPON PROPERTY.—When a court, in a proper case, and under circumstances apparently authorizing such action, takes street railway property into its possession through a receiver, which is of a character to give the public a right to its continued operation and use, the court acquires a right and assumes the obligation of keeping such property in operation, and, for that purpose, is authorized to incur such expenses, and create such obligations against the property, as are necessary to keep the same in repair and pay operating expenses; and such expenses and obligations are burdens necessarily on the property taken possession of, irrespective of the question who may be the ultimate owner, or who may have the preferred lien, or who may invoke the receivership.

ID.—JURISDICTION OF COURT TO APPOINT RECEIVER—COLLATERAL ATTACK—PRESUMPTION OF VALIDITY.—As against a collateral attack upon an order appointing a receiver, if the jurisdiction of the court can, in any event, be upheld and its action validated, this will be done, even though the facts showing such jurisdiction are defectively stated, and inferences must be indulged in to support the judgment.

ID.—PLEADING—SUFFICIENCY OF ISSUE—TRIAL WITHOUT OBJECTION—FINDING—OBJECTION UPON APPEAL FOR FIRST TIME.—Where the parties to the action have proceeded to trial upon a pleading without objection to its sufficiency to raise a particular issue, and evidence has been received as to the fact and the issue found upon, the party whose duty it was to object will not be heard to say, upon appeal, that the finding is not within the issues.

ID.—CROSS-COMPLAINT—GENERAL ALLEGATIONS—DUE EXECUTION OF BONDS AND MORTGAGE—CONSENT OF STOCKHOLDERS—PRESUMPTION UPON APPEAL—SUFFICIENCY OF ISSUE—TRIAL WITHOUT.—General allegations in a cross-complaint, pleading a mortgage given to secure bonds of a street railway corporation, and alleging, in substance, that the bonds were duly issued and that the mortgage was duly executed by the corporation, are sufficient to admit proof of the consent of the stockholders to the creation of the bonded indebtedness and the making of the mortgage; and, if it be assumed that it was necessary to allege specifically the consent of the stockholders to the bonded indebtedness, it will be presumed, upon appeal, that the pleading was treated by the parties as

alleging that fact, where evidence of it was admitted at the trial without objection, and a finding was made thereupon.

ID.—FINDINGS IN FORECLOSURE SUIT—CONCLUSION OF LAW—RESERVATION OF JOINT USE OF TRACK—SALE WITHOUT RESERVATION—APPELLANT NOT INJURED.—In an action to foreclose a lien upon a street railway, a finding, made in the conclusions of law, that an electric railway company which had paid the receiver for the joint use of the street railway track was entitled thereto, free of encumbrance, cannot be objected to on appeal of a subsequent lienholder from the decree of sale of the street railway to satisfy the liens thereupon, where it appears that such decree made no reservation, and the entire street railway was, in fact, sold without any reservation; and it is immaterial whether the finding be considered as one of law or of fact, or whether it is erroneous or not, there being no error to the injury of the appellant, or which can be ground for reversal.

APPEAL—EFFECT OF STIPULATION—MOOT QUESTIONS.—Where there is a stipulation of the parties to an appeal, the effect of which is to render certain objections made upon the appeal mere moot questions, the determination of which would be of no material consequence to the appellant, such questions will not be passed upon.

APPEAL from a judgment of the Superior Court of Los Angeles County. WALTER VAN DYKE, Judge.

The facts are stated in the opinion of the court.

*William H. H. Hart*, and *Aylett R. Cotton*, for Appellants.

The Los Angeles Cable Railway Company being a *qausi* public corporation, any attempted conveyance of its street railways to the Pacific Railway Company, or to any party, would be in violation of the duty it owed to the public, against public policy, and void. (*Visalia Gas etc. Co.* v. *Sims*, 104 Cal. 326–333; 43 Am. St. Rep. 105; 2 Morawetz on Corporations, secs. 656, 1114, 1116, 1129; *Thomas* v. *Railroad Co.*, 101 U. S. 83; *New Orleans Gas Co.* v. *Louisiana Light Co.*, 115 U. S. 650; *People* v. *Chicago Gas Trust Co.*, 130 Ill. 268; 17 Am. St. Rep. 319; *Gibbs* v. *Baltimore Gas etc. Co.*, 130 U. S 396; Green's Brice's Ultra Vires, 2d ed., 120, 124, 125, 395, 399, 400; *Oregon Ry. etc. Co.* v. *Oregonian Ry Co.*, 130 U. S. 1; *Central Trans. Co* v. *Pullman's etc. Car Co.*, 139 U. S. 24; Gluk and Becker on Receivers of Corporations, sec. 39; Beach on Receivers, secs. 733, 735; 20 Am. & Eng. Ency. of Law,

241; *Manning* v. *Monaghan*, 23 N. Y. 544; *Snow* v. *Winslow*, 54 Iowa, 200.)    The court had no power to appoint J. F. Crank, or anyone, receiver of the Pacific Railway Company. (*French Bank case*, 53 Cal. 495; *Havemeyer* v. *Superior Court*, 84 Cal. 327; 18 Am. St. Rep. 192.) The cross-complaint of Alvord and Brown, trustees, does not state facts sufficient to constitute a cause of action, for it is not stated that the stockholders of the Los Angeles Cable Railway Company ever authorized the making of the bonds therein mentioned, which are stated to have been made payable to Isaias W. Hellman, or bearer, or the making of the mortgage or trust deed, which is stated to have been made to said Alvord and Brown. (Civ. Code, sec. 359; Const., art. I, sec. 22, art. XII, sec. 11; *McShane* v. *Carter*, 80 Cal. 312; 2 Morawetz on Corporations, sec. 617; *Vail* v. *Hamilton*, 85 N. Y. 453.)    A finding is useless and idle unless the facts found are within the issues; and a judgment based upon such findings cannot be sustained. (*Murdock* v. *Clarke*, 59 Cal. 683, 693; *Hall* v. *Arnott*, 80 Cal. 349.)    The Los Angeles Cable Railway Company had no power to assume the payment of the bonds of another corporation. (*Hall* v. *Auburn Turnpike Co.*, 27 Cal. 256; 87 Am. Dec. 75; *Granger* v. *Original Empire etc. Co.*, 59 Cal. 678; *Low* v. *Central Pac. Ry. Co.*, 52 Cal. 53; 28 Am. Rep. 629.)

*E. Walker*, and *W. P. Gardiner*, for Respondent Illinois Trust and Savings Bank.

*Hunsaker & Stevens*, for Respondent Los Angeles National Bank.

*John D. Pope*, for Respondents Alvord and Brown.

If the establishing of the certificates issued Crank, receiver, as liens upon the mortgaged property superior to the attachment of appellants was error, appellants were not injured and cannot have the judgment reversed. (Code Civ. Proc., sec. 475; *Hooker* v. *Thomas*, 86 Cal. 176; *In re Spencer*, 96 Cal. 448; *Lancaster* v. *Collins*, 115 U. S.

222.)   Except as restricted by section 359 of the Civil
Code, the power to create a bonded indebtedness and to
create a mortgage to secure the same is vested solely in
the board of directors under its general power to con-
duct the business of the corporation.   (Civ. Code, sec.
305; *McLane* v. *Placerville etc. R. R. Co.*, 66 Cal. 606, 611;
*Alta Silver Min. Co.* v. *Mining Co.*, 78 Cal. 629, 632; *Sal-
field* v. *Sutter etc. Co.*, 94 Cal. 549; *Taylor Co.* v. *Baltimore
etc. Ry. Co.*, 35 Fed. Rep. 161; *Ellis* v. *Boston etc. R. R. Co.*,
107 Mass. 1; *McCurdy's Appeal*, 65 Pa. St. 290; Beach
on Private Corporations, sec. 388.)   When the common
seal of a corporation appears to be affixed to an instru-
ment, and the signatures of the proper officers are
proved, courts are to presume that the officers did not
exceed their authority, and the seal itself is *prima facie*
evidence that it was affixed by proper authority.   (*Bliss*
v. *Kaweah Canal etc. Co.*, 65 Cal. 502; *Schallard* v. *Eel
River Nav. Co.*, 70 Cal. 144; *Southern California etc. Assn.*
v. *Bustamente*, 52 Cal. 193; *Horton* v. *Dominguez*, 68 Cal.
642; *Avery* v. *Clark*, 87 Cal. 619; 22 Am. St. Rep. 272.)
Conceding that a vote of the stockholders was necessary
to the validity of the bonds, there was still no necessity
for any allegation on the subject in the complaint to
foreclose.   (*Wakefield* v. *Greenhood*, 29 Cal. 599; *Mc-
Menomy* v. *Talbot*, 84 Cal. 279; *Barnard* v. *Lloyd*, 85 Cal.
131.)   It is too late now to raise the objection that the
allegation was not made.   (*Smith* v. *Penny*, 44 Cal. 161;
*White* v. *San Rafael etc. R. R. Co.*, 50 Cal. 417; *Horton*
v. *Dominguez, supra; Moore* v. *Campbell*, 72 Cal. 251;
*White* v. *White*, 86 Cal. 219; *Sukeforth* v. *Lord*, 87 Cal.
399.)   The evidence not having been brought up on
this appeal, the court will presume that all necessary
facts were made to appear to the court below to sustain
its action in issuing its certificates.   (*Owen* v. *Morton*,
24 Cal. 373; *McLane* v. *Placerville etc. R. R. Co., supra;
Horton* v. *Dominguez, supra; Avery* v. *Clark, supra.*)
When a court of equity is in possession of railroad
property by its receiver, the public have a right to
demand that the road be operated, and the court is

authorized to create a first lien for any moneys necessary, not only to preserve the property, but to continue it in operation while the court retains the possession. (*McLane* v. *Placerville etc. R. R. Co., supra; Meyer* v. *Johnston*, 53 Ala. 237; *Wallace* v. *Loomis*, 97 U. S. 146; *Miltenberger* v. *Logansport Ry. Co.*, 106 U. S. 286; *Union etc. Co.* v. *Illinois Midland Ry. Co.*, 117 U. S. 434; Jones on Corporate Bonds and Mortgages, sec. 551; *Ten Eyck* v. *Craig*, 62 N. Y. 406; *Parmer* v. *Parmer*, 74 Ala. 285; *Davidson* v. *Cox*, 11 Neb. 250; *Murdock* v. *Clarke*, 59 Cal. 683; *Harper's Appeal*, 64 Pa. St. 315; *Bollinger* v. *Chouteau*, 20 Mo. 89; *Hoover* v. *Epler*, 52 Pa. St. 522; *Curry* v. *Curry*, 87 Ky. 667; 12 Am. St. Rep. 504.) Nothing appears in the transcript to show that there was any irregularity in appointing Crank as receiver, or in the issuing of the certificates by him. (Code Civ. Proc., sec. 564; *McLane* v. *Placerville R. R. Co., supra; Havemeyer* v. *Superior Court*, 84 Cal. 327, 380; 18 Am. St. Rep. 192; *State etc. Co.* v. *San Francisco*, 101 Cal. 135, 148; High on Receivers, sec. 399; 20 Am. & Eng. Ency. of Law, 307; *Sage* v. *Memphis etc. R. R. Co.*, 125 U. S. 361; *Mellen* v. *Moline etc. Works*, 131 U. S. 352; *Brown* v. *Lake Superior Iron Co.*, 134 U. S. 530.) The appointment of Crank as receiver cannot be collaterally attacked in this action. (Van Fleet on Collateral Attack, secs. 3, 17; *Greeley* v. *Provident Sav. Bank*, 103 Mo. 212; *Comer* v. *Bray*, 83 Ala. 217; *Richards* v. *People*, 81 Ill. 551, 554; *Cook* v. *Citizens' etc. Bank*, 73 Ind. 256, 259; *Bodkin* v. *Merit*, 102 Ind. 293, 299; *Edrington* v. *Pridham*, 65 Tex. 616; 20 Am. & Eng. Ency. of Law, 136, 142; *Richards* v. *West*, 3 N. J. Eq. 456; *American Bank* v. *Cooper*, 54 Me. 438; *Howard* v. *Palmer*, Walk. Ch. 391.)

VAN FLEET, J.—Plaintiff brought this action to foreclose a mortgage lien claimed by it upon certain street railroad property belonging to the defendant the Los Angeles Cable Railway Company, and consisting of all the franchises, roadbeds, rolling stock, and other prop-

erty, real and personal, owned by that company, in the city of Los Angeles.

On the twenty-fourth day of August, 1889, the defendant Pacific Railway Company, having acquired a majority of the capital stock of the said defendant Los Angeles Cable Railway Company, and being desirous of securing funds with which to meet certain unsecured obligations of the latter company, and to complete the construction of the system of roads projected by it, and also with a view to the ultimate purchase of all the property of said Los Angeles Cable Railway Company, made an issue of $2,500,000 in bonds, and, as security for the payment of said bonds, executed to plaintiff as trustee a deed of trust intended as a mortgage, covering all the title the grantor then had, and all it might thereafter acquire, to all of the property above mentioned of said Los Angeles Cable Railway Company.

Subsequently, on the ninth day of October, 1889, said Los Angeles Cable Railway Company made a deed to the Pacific Railway Company, intended and purporting to convey to the latter all of said property; and under this deed the possession of the property passed formally into the hands of said Pacific Railway Company.

Thereafter, on July 18, 1890, some question having arisen as to the validity of the trust deed made by the last-named company to plaintiff, the said Los Angeles Cable Railway Company itself made to plaintiff a trust deed or mortgage confirmatory of that of the Pacific Railway Company, indorsing all of its provisions, and covering all of said property—as further security for the payment of said issue of bonds—in which last-mentioned deed the Pacific Railway Company united as a grantor.

It is under these two instruments that plaintiff's lien was claimed, and under which, default having been made in the payment of the indebtedness thereby secured, a decree was asked for a sale of said property in satisfaction thereof.

Certain third persons claiming liens upon the mortgaged property were made defendants in the action. Of these, William Alvord and Thomas Brown held a trust deed or mortgage, executed to them as trustees by the defendant Los Angeles Cable Railway Company, on September 15, 1887, given to secure an issue of $1,500,000 in bonds made by the latter company, and which mortgage had not been satisfied; M. L. Coenan and F. J. Coenan held a judgment lien upon the property under a judgment theretofore secured against the defendant, the Los Angeles Cable Railway Company, in the sum of $18,376.81; and the estate of Joshua Hendy, deceased, held a lien of like character under a judgment theretofore recovered by it against the same company in the sum of $23,017.12.

J. F. Crank was also made a defendant. Prior to the commencement of this action, in another action commenced in the superior court of Los Angeles county by one E. W. Russell against the Pacific Railway Company and others, the property involved had been taken from the possession of the Pacific Railway Company, which was then holding and operating the same, and placed by order of the superior court in the hands of said Crank, a receiver appointed in that action; and Crank, while holding said property as such receiver, had, under the orders of that court, issued receivers' certificates, amounting to $15,200, to secure funds required in its management. These certificates were outstanding and unliquidated at the commencement of this action.

By its findings and decree the court below declared these certificates, so issued by Crank, with certain others issued by the receiver appointed in the present action, the first lien upon the property, and entitled to priority in payment; the mortgage claim of Alvord and Brown, trustees, amounting to $1,323,353.35, with certain attorneys' and trustees' fees, the second lien, and entitled to be next paid; the confirmatory deed or mortgage of the Los Angeles Cable Railway Company to the plaintiff, given to secure the bonds of the Pacific Railway Com-

pany, the third lien, in the sum of $1,677,106, together with certain attorneys' and trustees' fees; the judgment of the Coenans the fourth lien; and the judgment of the Hendy estate the fifth lien; and directed the property to be sold and the proceeds applied, after the payment of costs and expenses, etc., to the extinguishment of said several liens in the order named.

The trust deed given by the Pacific Railway Company to plaintiff, and the deed of the Los Angeles Cable Railway Company to the Pacific Railway Company, purporting to convey said property to the latter, were held to be unauthorized and void; but the indebtedness created by the bonds of the Pacific Railway Company was held valid and subsisting, and it was adjudged that, should the proceeds of the sale of the mortgaged property prove insufficient to satisfy said last-named indebtedness, the plaintiff should have a judgment for the deficiency against the Pacific Railway Company.

The only parties dissatisfied with the decree are the representatives of the estate of Hendy, deceased. They alone appeal, and their appeal is from the judgment upon the judgment-roll; the several objections urged being, it is claimed, such as arise upon the face of that record. Certain of these objections, if sustained, appellants contend, would result in preferring the lien of their judgment to other liens to which it was postponed.

1. It is contended that the court erred in declaring the $15,200 in receivers' certificates issued by Crank in the case of *Russell* v. *Pacific Railway Company et al.*, a lien upon the mortgaged property, and in directing its payment as a preferred claim over that of appellants, and that in this respect the findings do not sustain the judgment. This contention is based upon the fact that it was found by the court that the deed from the Los Angeles Cable Railway Company to the Pacific Railway Company, purporting to convey the mortgaged property, was void, and that the title never passed to the

latter company. The argument of counsel is that, as the court was dealing with the property in that action as that of the Pacific Railway Company alone, while it was in fact the property of the Los Angeles Cable Railway Company, which latter, it is said, was not a party to that action, that the court never had jurisdiction of the property, and consequently had no competent authority to authorize the creation of any obligations against it which are binding upon the property, or valid as against the parties to the present action.

But, in the first place, this proposition is based upon an assumption of facts which the present record does not disclose. The finding upon which the decree rests in this respect is this: "While J. F. Crank was acting as receiver of the Pacific Railway Company, appointed in the case of *E. W. Russell* v. *Pacific Railway Company et al.*, and while he was operating the street-car lines mentioned in the second amended complaint herein as such receiver, and while D. K. Trask, the receiver appointed in this action, was in possession and operating said street-car lines as such receiver, orders of court were entered in said actions respectively authorizing and directing the issuance of receivers' certificates, and providing that said certificates should be a lien upon the property in the hands of said receivers, respectively, superior to the liens of the mortgages or trust deeds and judgments therein mentioned. The above-mentioned receivers' certificates which are now outstanding and unpaid are as follows" (and then follows a statement of these certificates).

This finding does not show, nor does it competently appear anywhere in this record, what the character of the action of *Russell* v. *Pacific Railway Company et al.* was, nor who all the parties thereto were; nor does it appear, except inferentially, that the property held by the receiver in that action was held and dealt with solely upon the theory that it was the property of the Pacific Railway Company. For all that appears, one of the very questions in issue in that action may have

been the title to this property; and not only the Los
Angeles Cable Railway Company, the owner thereof,
but these very appellants, may have been parties to that
action.    The action is simply referred to in the finding
as entitled *"E. W. Russell* v. *Pacific Railway Company et
al.,"* and the finding makes no statement as to who the
other parties to the suit were.    In fact, there is nothing
in this record to show that there was not before the
court, in that action, everything in the way of subject
matter and parties requisite to give the court jurisdic-
tion to bind the property and parties hereto.    In the
absence of anything showing the contrary, we will pre-
sume that such was the fact.    Inferences are never to
be indulged to defeat the judgment, but always in sup-
port of it, and, if we can imagine a state of facts, not
inconsistent with the record before us, which would
have authorized the action of the court, those facts will
be presumed to have existed.

But, moreover, when a court in a proper case, and
under circumstances apparently authorizing such action,
takes property into its possession through a receiver,
which, as in this instance, is of a character to give the
public a right to its continued operation and use, the
court acquires a right and assumes the obligation of
keeping such property in operation; and, for that pur-
pose, is authorized to incur such expenses and create
such obligations against the property as are necessary
to keep the same in repair and pay operating expenses.
And such expenses and obligations "are burdens neces-
sarily on the property taken possession of, and this, irre-
spective of the question who may be the ultimate owner,
or who may have the preferred lien, or who may invoke
the receivership."    (*Kneeland* v. *American Loan etc. Co.,*
136 U. S. 89; *Kneeland* v. *Bass Foundry etc. Works,* 140
U. S. 592.)

In the absence of the evidence and anything in the
findings to show the contrary, we must presume in sup-
port of the judgment that there was shown at the trial
the existence of every fact in that case which would ren-

der proper the action of the court in authorizing the receiver to issue these certificates.

It is said that the court had no power to appoint a receiver in the case of *Russell* v. *Pacific Railway Company et al.* But why it had not, counsel does not enlighten us. It is not denied that the superior court has jurisdiction to appoint receivers in proper cases, and, as above suggested, it nowhere appears in any cognizable form what the character of that action was, and the presumption to be indulged, therefore, is that it was one which authorized the appointment of the receiver. This is in the nature of a collateral attack upon the order appointing a receiver in that case (Van Fleet on Collateral Attack, sec. 3); and, as against such an attack, it is well settled that, if the jurisdiction of the court can, in any event, be upheld and its action validated, this will be done, even though the facts showing such jurisdiction are defectively stated, and inferences must be indulged in to support the judgment. (Van Fleet on Collateral Attack, sec. 17.)

2. It is contended that the cross-complaint of Alvord and Brown, under which their mortgage was foreclosed and given priority as a lien over appellants' judgment, does not state facts sufficient to constitute a cause of action, in that it is not alleged therein that the stockholders of the Los Angeles Cable Railway Company authorized or consented to the creation of the bonded indebtedness which that mortgage was given to secure, or that they ever authorized the making of said mortgage.

Of a number of answers made in the briefs of respondents to this objection, one at least we deem conclusive against appellants. There is a general allegation in the pleading, in substance, that these bonds were duly issued, and the mortgage in question duly executed by the corporation. There was no demurrer interposed, but the parties apparently went to trial upon the assumption that the pleading was sufficient to raise the issue and authorize proof of the necessary facts; and it was so

treated by the court below, since it was there found that "said Los Angeles Cable Railway Company, by a resolution duly adopted and passed by the unanimous concurrence of its board of directors, *and by its stockholders duly assembled,* authorized" to be issued the bonds in question, and the execution of the mortgage to secure the same. It is well settled that where the parties have proceeded to trial upon a pleading, without objection to its sufficiency to raise a particular issue, and evidence has been received as to the fact, and the issue found upon, the party whose duty it was to object will not be heard in this court to say that the finding is not within the issues. (*King* v. *Davis*, 34 Cal. 100; *Horton* v. *Dominguez*, 68 Cal. 642; *Moore* v. *Campbell*, 72 Cal. 251; *Sukeforth* v. *Lord*, 87 Cal. 399.)

If, therefore, it be assumed that it was necessary to specifically allege the consent of the stockholders, it will now be presumed that the pleading was treated by the parties in the court below as alleging that fact.

Moreover, we think the allegations of the pleading were sufficient in themselves to admit proof of the fact.

3. But one other point is made which we deem it essential to notice: The Los Angeles Consolidated Electric Railway Company was one of the defendants in the action, and set up in its answer that while Crank was in possession of the property as receiver in the case of *Russell* v. *Pacific Railway Co. et al.,* this defendant applied to the court in that action for permission to use jointly with the Pacific Railway Company certain portions of the cable railway tracks, as provided in section 499 of the Civil Code; that it had paid to Crank, as such receiver, one-half the cost of the portions of the track of which it desired to make joint use, and had received a conveyance of a one-half interest therein, and it prayed that its one-half of the portions of track acquired as aforesaid should be exempted from the operation of the judgment of foreclosure to be rendered in the action. There is in the findings no mention of the facts set forth

in the answer of this defendant, but among the conclusions of law is found this declaration:

"The undivided one-half of the tracks, ties, and appurtenances conveyed under orders of court by J. F. Crank, receiver, to the Los Angeles Consolidated Electric Railway Company [describing the property], is free from the encumbrance of the said mortgage or deed of trust of the Los Angeles Cable Railway Company to Alvord and Brown, trustees, mentioned in their cross-complaint, and from any lien of the indenture marked Exhibit B, all mentioned in the second amended complaint herein; and the said undivided one-half of all the said tracks, ties, and appurtenances is the absolute property of the said Los Angeles Consolidated Electric Railway Company, and free from encumbrance."

In their opening brief appellants treat this as being what it purports to be, a mere conclusion of law, and object to it as not only wholly unsupported by any finding of fact, but as being at variance with the finding that the Pacific Railway Company acquired no title to the mortgaged property by its deed from the Los Angeles Cable Railway Company; that it appearing from this last finding that the Los Angeles Cable Railway Company was the owner of the property at the time of the attempted sale of this interest by the receiver, and that such sale was made in a case to which the latter company was not a party, the sale was wholly void, and passed no title to the purchaser; that consequently, the interest thus reserved from sale remained subject to the lien of appellants' judgment, and to sale in satisfaction thereof, and that in declaring it free from such lien and withholding it from sale the court below erred to appellants' injury.

As to the objection that no title passed because the Los Angeles Cable Railway Company was not a party to the action, the same answer applies which is suggested in the point as to the receivers' certificates,—that it nowhere appears that said company was not a party to that action. But an inspection of the decree which

was entered in this case shows that, notwithstanding the reservation thus made in the court's conclusions, all of the mortgaged property, including the interest thus declared to have passed to the Los Angeles Consolidated Electric Railway Company, was ordered to be sold thereunder in satisfaction of the liens established thereby. And, as will hereafter appear, all of said property, without the reservation of any part, was sold thereunder, and the proceeds applied in satisfaction of said liens as therein directed. It thus appears that, whatever might have been the effect of this reservation, had it been carried into the decree, the appellants have not in anywise been injured thereby. The decree gave them the benefit of everything to which they were entitled, and appellants have no cause of complaint.

These considerations having been suggested in the briefs of respondents, appellants in their reply brief have changed front, and now take the ground that what they had theretofore regarded and treated as merely an erroneous conclusion of law was in truth a finding of fact; and that being such, and the decree not being in accord therewith, it must be held to that extent as unsupported by the findings. But if there is any merit in this new claim the objection cannot avail the appellants. There is no want of support in the decree as to any fact affecting appellants' rights. If there is any error in the particular urged, the appellants have not been injured thereby, and hence it is not a ground of reversal at their instance. The only party injured would be the purchaser, the Los Angeles Consolidated Electric Railway Company, and it would seem to rest content.

4. Some further points are made by appellants, involving the rights of the plaintiff and of the Coenans to have their liens preferred to that of appellants. But appellants have rendered the consideration of these questions wholly immaterial. At the submission of the cause in this court the appellants filed herein the following stipulation:

" It is hereby stipulated and agreed that an order of

sale was issued by the superior court upon the decree of foreclosure contained in the transcript in this case, and that the commissioner advertised and sold the property described in the decree as required therein on the fourth day of October, 1893, subject to the receiver's certificates; that the entire proceeds of the sale were applied by the commissioner to the payment of costs of suit, expenses of sale, allowances to trustees Brown and Alvord, and attorneys for Alvord and Brown, trustees, and to the payment of the sum of money decreed to be due to the holders of the bonds secured by the trust deed to Alvord and Brown, trustees, and the sale produced no more than that amount; and that the commissioner made a report of the sale to the court, which was confirmed."

The object of this stipulation is not stated, but its effect is to render the remaining objections mere moot questions, the determination of which would be of no material consequence to appellants. The entire property covered by the lien of appellants' judgment having been sold, and the proceeds absorbed in satisfaction of claims which, it has been determined, were prior in right to that of appellants, the latter are left no further interest in the controversy which we are called upon to consider.

The judgment is affirmed.

HARRISON, J., McFARLAND, J., TEMPLE, J., and HENSHAW, J., concurred.