[Civ. No. 803. Second Appellate District.—October 6, 1910.]

WILLARD H. CLARK, Appellant, v. W. M. BELL, Respondent.

ACTION UPON ASSIGNED CLAIM FOR WORK AND MATERIALS—DEFENSE—PAYMENT UNDER TERMS OF CONTRACT BEFORE ASSIGNMENT.—In an action upon an assigned claim for work and materials, where the answer set up that a payment of $396.50 was made under the terms of the contract to the assignor, such plea is not in the nature of a counterclaim against the assignee, but is in the nature of a plea of payment made to the plaintiff's assignor at his instance, and where it was proved and found to have been made prior to the assignment, it was properly allowed as a payment on the assigned claim.

ID.—ABSENCE OF DEMURRER TO ANSWER—TREATMENT OF ISSUES BY PARTIES—FINDING AS TO TIME OF PAYMENT—RULE OF ESTOPPEL.—Where no demurrer was interposed to the answer or amended answer, and they were treated by both parties as raising proper issues, and the court found as a fact that the payment pleaded as made under the authority of the contract was made to the assignor before the assignment, the rule applies that "where the

parties have proceeded to trial upon a pleading, without objection to its sufficiency to raise a particular issue, and evidence has been received as to the fact and the issue found upon, the party whose duty it was to object will not be heard in this court to say that the finding was not within the issues."

APPEAL from a judgment of the Superior Court of Los Angeles County. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, for Appellant.

E. V. Chavez, and A. J. Mitchell, for Respondent.

ALLEN, P. J.—The action was upon an assigned claim growing out of a contract between plaintiff's assignor and de-fendant, whereby the court finds that defendant agreed to pay plaintiff's assignor, on account of the performance of certain work and the furnishing of certain materials, the sum of $1,864.01; that defendant had paid plaintiff's assignor before the assignment the sum of $1,342.69; that, in addition, de-fendant had paid before the assignment for certain materials furnished plaintiff's assignor in the work, and which under the contract he was given authority to pay, the further sum of $396.50, which would, under the findings, leave a balance due plaintiff of $124.82. During the progress of the trial leave was given defendant to amend his answer upon payment of $13 costs. The latter amount the court by stipulation in-corporated in the judgment, and gave plaintiff a judgment for $137.82. Plaintiff appeals upon the ground that the credit of $396.50 was improperly allowed, because it was in .the nature of a counterclaim, and no averments appear with reference to payment before the assignment.

The averments with reference to the payment of $396.50 were not in the nature of a counterclaim, but were matters of defense as a plea of payment made at the instance of plaintiff's assignor. It is averred that under the contract be-tween the parties the right to pay this sum was accorded de-fendant. No demurrer was filed to the answer or amended answer, and the same were treated by the parties as pre-senting proper issues. The court finds as a fact that the

payment of the $396.50 was before the assignment. ''It is well settled that where the parties have proceeded to trial upon a pleading, without objection to its sufficiency to raise a particular issue, and evidence has been received as to the fact, and the issue found upon, the party whose duty it was to object will not be heard in this court to say that the finding is not within the issues.'' (*Illinois Trust & Sav. Bank* v. *Pacific Ry. Co.*, 115 Cal. 297, [47 Pac. 63].)

An evident misprint appears in the conclusions of law, whereby a seeming disparity between the findings and such conclusions exists as to the amount of the contract price, but it in no manner affects the judgment as rendered, and needs no correction or attention.

Judgment affirmed.

Shaw, J., and James, J., concurred.