[Civ. No. 863. Second Appellate District.—February 17, 1911.]

GEORGE A. RUTZ, Respondent, v. W. H. OBEAR, Appel-
lant; HOTEL SAVOY COMPANY, a Corporation, Co-
defendant.

ACTION FOR SERVICES—PLEADING—COMMON COUNT—SUFFICIENCY OF
ISSUE—TRIAL WITHOUT OBJECTION—REVIEW UPON APPEAL.—Where
the complaint in an action for services rendered alleged that "within
two years last past defendants became indebted to plaintiff in the
sum of $1,920 for the reasonable value of services rendered to the
defendants at their special instance and request," describing the
services, and alleged demand of payment therefor and nonpayment;
and defendants, without demurring, joined issue upon its allega-
tions, and trial was had, without objection to evidence, it is held
that, independently of the sufficiency of the common count pleaded,
the rule applies that where the parties have proceeded to trial upon
a pleading without objection to its sufficiency to raise a particular
issue, and evidence has been received as to the facts and the issue
found upon, the party whose duty it was to object will not be heard
upon appeal to claim that the finding is not within the issue.

ID.—SERVICES IN PROCURING TENANT FOR HOTEL AND BOND FOR RENTAL
—IMMATERIAL EVIDENCE—SUBSEQUENT LOAN OF MONEY TO TENANT.
Where the services were rendered by plaintiff in procuring a tenant
for a hotel of defendants, and a bond for rental, the court prop-
erly excluded evidence to show that, after the rental, the plaintiff
loaned to the tenant money to inaugurate and carry on his business,
when it appears without conflict that plaintiff owned no interest in
the lease, and the evidence would not tend to show bad faith on
plaintiff's part, or to establish any interest inconsistent with his duty
to the defendants; and the immateriality of the evidence offered
was apparent from the question asked.

ID.—SUPPORT OF FINDINGS AND JUDGMENT AGAINST PERSONAL DEFEND-ANT—DISMISSAL AS TO HOTEL COMPANY—OWNERSHIP OF STOCK—PERSONAL CONTRACT.—The findings and judgment against the personal defendant are sufficiently supported, notwithstanding the dismissal of the action as to the hotel company defendant, where it appears that the personal defendant owns all of its stock, and that the contract sued upon was made by him individually, and he personally requested the services and promised to pay the plaintiff therefor.

ID.—ADMISSIONS OF PERSONAL DEFENDANT—ESTOPPEL TO DENY OWNER-SHIP.—The admissions of the personal defendant were competent to bind himself personally; and where one procures services to be performed in connection with property, based upon a belief of ownership from representations of the party sought to be charged, such party is estopped, after such services have been performed, to deny ownership.

ID.—JUDGMENT NOT EXCESSIVE.—It is held, in view of the evidence, that the judgment rendered by the trial court against the appellant for services performed is not excessive.

ID.—CONDITIONAL OFFER OF ADDITIONAL COMPENSATION NOT COMPLIED WITH.—A conditional offer of additional compensation beyond that fixed by the judgment, not complied with, is immaterial and does not affect the validity of the judgment rendered for actual services performed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Archibald Barnard, and Crittenden Thornton, for Appellant.

W. W. Butler, for Respondent.

ALLEN, P. J.—The action was one to recover for the value of certain services rendered by plaintiff to defendants in securing a tenant for a certain hotel, and in procuring a bond from such tenant to secure the rents during the life of the lease. The complaint alleged "That within two years last past defendants became indebted to plaintiff in the sum of $1,920, for the reasonable value of services rendered to the defendants at their special instance and request; that such services consisted of securing a tenant for the Hotel Savoy, Santa Monica, California, and a bond to secure the rents of the same"; demand and nonpayment being alleged. The de-

fendants answered jointly, denying the indebtedness within the two years last past, or at any other time, or at all, of either of them to plaintiff, either in the sum demanded, or in any other sum, on account of the reasonable value of services rendered. No demurrer was interposed to the complaint; nor was there any objection made at the trial to the receipt of evidence in support thereof. The parties seem to have assumed that the issues were properly presented; evidence was received, without objection, and the court finds that within two years preceding the commencement of the action the services were performed for defendant Obear; that they were of the character stated in the complaint and their reasonable value was $1,200; that no payments had been made thereon, and that demand had been made as alleged in the complaint. Judgment was ordered in plaintiff's favor against defendant Obear, plaintiff having dismissed the action as to the corporation.

Defendant upon this appeal for the first time raises a question as to the sufficiency of the complaint to state a cause of action, and this upon the authority of *Fairchild* v. *King,* 102 Cal. 323, [36 Pac. 649]. It is unnecessary for us here to determine whether the case last cited is an existing authority, or whether a different rule is recognized in later cases, notably *McDonald* v. *Pacific Debenture Co.,* 146 Cal. 667, [80 Pac. 1090], and *Salinas Valley Lumber Co.* v. *Magne-Silica Co.,* 41 Cal. Dec. 110, in which last case it is said, in referring to a complaint employing a common-law count: "Whatever may be thought of the sufficiency of such a pleading, we will not undertake to overthrow it at this late day." Irrespective of the effect of such decisions, we are of opinion that another well-established rule may be invoked, namely, that where the parties have proceeded to trial upon a pleading, without objection to its sufficiency to raise a particular issue, and evidence has been received as to the facts and the issue found upon, the party whose duty it was to object will not be heard in this court to say that the finding is not within the issue. (*Illinois T. & S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 297, [47 Pac. 60]; *Wilkins* v. *Stidger,* 22 Cal. 232, [83 Am. Dec. 64].)

Appellant next claims that error intervened by reason of the action of the trial court in sustaining an objection to

evidence tending to show that after the lease was procured, plaintiff loaned the tenant money to inaugurate and carry on his business. We see no error in this ruling. It related solely to matters arising after the execution of the lease and the completion of the contract involved in this action. The fact that the objection to this evidence was general and did not specify the particulars wherein the same was incompetent could not prejudice the appellant, when, as in this case, its immateriality was apparent from the question itself. The mere fact that plaintiff advanced money to the tenant, either before or after the execution of the lease, in order that he might procure fixtures to be used in leased premises, would not evince bad faith upon the part of the plaintiff, or even tend to establish an interest inconsistent with the duty he owed defendant, more especially when the uncontradicted evidence is to the effect that plaintiff had and owned no interest in the lease so procured to be executed.

It is further contended that the evidence is insufficient to support the finding that the services were performed for appellant Obear, but, on the contrary, that the same were shown to have been performed for the corporation alone. The record discloses evidence tending to show that appellant owned all of the stock of the corporation; that he represented that he individually owned the property, and that the execution of the lease in the corporate name was done for the purpose of affording some personal protection to appellant. The evidence further tends to show that the whole contract was between appellant and plaintiff as individuals; that the promise to pay on the part of appellant was a personal one. Appellant's admissions were competent to bind himself personally. *Relley* v. *Campbell*, 134 Cal. 175, [66 Pac. 220], is authority for the statement that where one individual owns all the stock of a corporation, the same is but the corporate double of the owner of the stock, and such proof destroys the separate entity of the corporation, and in such event the statements and admissions of the sole owner of the stock may be received as establishing facts from which an estoppel might arise as to the corporation. It must be the rule that where one procures services to be performed in connection with property, based upon a belief of ownership from representations of the party sought to be charged, that such party is

estopped, after such services have been performed, to deny ownership.

Appellant finally contends that the judgment is excessive. The action was to recover the reasonable value of services in procuring a tenant and a bond securing the rental. There is evidence in the record to the effect that $960 is the usual and ordinary charge for procuring a tenant alone for a like term at a similar rental, and other evidence to the effect that the sum found by the court was the reasonable value for services in procuring a tenant and a bond securing the rental. There is evidence in the record to the effect that after the tenant had been procured and a bond executed securing the rental, afterward accepted by appellant as satisfactory, appellant offered plaintiff a thousand dollars if he would procure a brewing company to guarantee the entire $96,000 of rental. It is obvious from the fact that services had already been performed of the value of $1,200 that if this offer of a thousand dollars was made, it was intended to be and was in addition to the reasonable value of the services theretofore rendered; but such particular surety was not furnished, nor was there any contract made in connection with the offer of a thousand dollars, and the same is in no sense material.

We find no prejudicial error in the record, and the judgment is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1911.