[Civ. No. 4842.　Second Appellate District, Division One.—May 17, 1927.]

## MARJORIE M. TUCKER et al., Appellants, v. J. W. NEWTON et al., Respondents.

[1] CONTRACTS—EXCHANGE OF REAL PROPERTY—ACTION FOR SPECIFIC PERFORMANCE OF WRITTEN AGREEMENT—MODIFICATION BY SUBSEQUENT ORAL AGREEMENT—FINDING—EVIDENCE.—In this action for specific performance of a written agreement for the exchange of properties, the evidence was sufficient to support the finding of the trial court that such written agreement was actually modified by a subsequent oral agreement.

[2] ID.—VARIANCE BETWEEN PLEADING AND PROOF — ISSUES — TRIAL WITHOUT OBJECTION—WAIVER.—In such action, the plaintiffs cannot be heard to object for the first time on appeal that there was a variance between the pleadings and the proof, in that defendants' answer merely pleaded that escrow instructions, given after the written agreement relied upon by plaintiffs was entered into, constituted the subsequent agreement between the parties, and that the proof offered by the defendants was upon the theory of an executed oral agreement between the parties, where plaintiffs themselves admit that the trial proceeded on the theory "that all the surrounding facts should be brought out in evidence," and the objection, if made in the trial court, could have been removed by amendment to the answer.

[3] ID.—PLEADING—ISSUES—TRIAL—EVIDENCE—FINDINGS.—Where the parties have proceeded to trial upon a pleading without objection to its sufficiency to raise a particular issue, and evidence has been received as to facts and the issue found upon, the party whose duty it was to object will not be heard on appeal to say that the finding is not within the issue.

[4] ID.—VARIANCE—FINDINGS—EVIDENCE.—In such action, plaintiffs' objection to a variance between the proof and the findings cannot be sustained.

---

3.　See 2 Cal. Jur. 239; 2 R. C. L. 82.

[5] ID.—ORAL AGREEMENT—SUFFICIENT EXECUTION OF—EVIDENCE.—In such action, the oral agreement of exchange was sufficiently executed to alter the written agreement, where the parties entered into possession of the properties immediately after the oral agreement and the exchange was in all respects fully executed; and the failure of defendants to assign a deed of trust as security for the defense of a quiet-title suit did not render the execution of the oral agreement incomplete, where there was no failure on the part of defendants to perform the incidental agreement to defend such quiet-title suit.

[6] ID.—CONSIDERATION—EVIDENCE.—In such action, abandonment of the original agreement except as to parties and descriptions of properties and the substitution of new terms of exchange whereby each party received property of value subject to existing encumbrances, constituted a valuable consideration.

[7] ID.—FINDINGS—ABSENCE OF PREJUDICIAL ERROR.—In such action there was no prejudicial error in the findings.

---

(1) 4 C. J., p. 878, n. 81.   (2) 3 C. J., p. 799, n. 88.   (3) 4 C. J., p. 703, n. 69.   (4) 3 C. J., p. 869, n. 97.   (5) 23 C. J., p. 211, n. 98. (6) 23 C. J., p. 211, n. 3.   (7) 4 C. J., p. 1056, n. 79.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Holcomb & Holcomb and Denis & Griffith for Appellants.

H. S. Laughlin and Frank L. Muhleman for Respondents.

McLUCAS, J., *pro tem.*—This is a suit for specific performance of an agreement to exchange real property. Plaintiffs appeal from the judgment rendered for defendants.

The complaint alleges that on the fourth day of March, 1922, plaintiffs and defendants entered into an agreement for exchange of properties and to take immediate possession of the properties exchanged, and further agreed that the property of plaintiffs should be conveyed to defendants subject to a mortgage of $4,250, and that the property of defendants should be conveyed to plaintiffs free from all encumbrances; that the plaintiffs, in addition to the conveyance of their property, should pay the defendants the

sum of $4,250, and that the defendants, in addition to the conveyance of their property, should pay to the plaintiffs the sum of $2,000; that thereafter plaintiffs and defendants entered into possession of the properties so agreed to be exchanged, and plaintiffs had conveyed their property to defendants; that defendants have not conveyed, or offered to convey, their property to plaintiffs, free and clear of encumbrance, nor have they paid or offered to pay to plaintiffs the said sum of $2,000; that plaintiffs have offered and do offer to perform all the terms of said agreement on their part, but that defendants refuse to comply with said agreement.

The answer denies that the parties exchanged their respective properties upon the agreement set forth in the complaint, and alleges that a subsequent agreement was made and entered into between the parties, whereby the properties were exchanged and the possession thereof taken by plaintiffs and defendants. Defendants admit that they have not paid or offered to pay the said sum of $2,000, and allege that under a separate agreement defendants have delivered deeds to convey the said property, and that plaintiffs have accepted said deeds subject to a mortgage of $5,760; that defendants have placed security with plaintiffs, guaranteeing to defend the title against suit. Defendants deny that plaintiffs have offered or tendered to defendants the sum of $4,250, and defendants allege that they have done everything required of them to be performed by said subsequent agreement.

The trial court made findings that on or about March 4, 1922, plaintiffs and defendants made and signed the written agreement for exchange of properties referred to in plaintiffs' complaint and designated as exhibit "A" and made a part thereof; that at the time of signing said agreement the parties had orally agreed that plaintiffs were to obtain a loan on the property exchanged by defendants in the sum of approximately $7,000, so as to carry out the agreement and to provide certain additional money; that on or about March 8, 1922, plaintiffs and defendants agreed orally to exchange the said properties, each taking the property of the other subject to existing encumbrances of record; that pursuant to said oral agreement one of the plaintiffs inserted in the deed conveying the property of the defend-

ants a provision to the effect that the same was taken subject to encumbrances of record; that on the same day, and in furtherance of said oral agreement, plaintiffs and defendants signed certain escrow instructions, marked exhibit "A" and attached to defendants' answer and made a part of the same, wherein and whereby it appears that the said property exchanged by the defendants to the plaintiffs is to be taken subject to encumbrances of record; that pursuant to said oral agreement plaintiffs and defendants took possession of the respective properties; that plaintiffs and defendants, after signing the original agreement of exchange and after plaintiffs were unable to obtain said loan, did, on the eighth day of March, 1922, modify the said written agreement of exchange of March 4, 1922, orally and by said escrow instructions so made and signed, in all matters save and except as to the parties to said agreement and as to the properties agreed to be exchanged, and that such modification has been executed by the parties respectively.

It appears from the evidence that the parties did enter into a written agreement of exchange on the fourth day of March, 1922, as alleged in the complaint. The testimony is in conflict as to whether the written agreement was modified by an oral agreement, and as to whether such oral agreement was fully executed. [1] We believe the testimony offered by defendants was sufficient to support the finding of the trial court that the written agreement was actually modified by an oral agreement. Where such evidence appears this court is bound by the finding of fact made by the trial court. Defendants' evidence was to the effect that the original agreement of exchange and the deeds were signed and exchanged by the parties on March 4th; that thereafter plaintiffs applied for a loan of $7,000 in order to carry out the terms of the agreement, but were unable to secure the loan; that on March 8th the parties agreed to exchange equity for equity, and on that day there was inserted by the plaintiff Marjorie M. Tucker in the deed from defendants to plaintiffs, after the words "free and clear of all encumbrances," the following language: "except mortgage $4260 of record and trust deed for $1500 of record; except the last half of 1921–22 taxes." Mrs. Yale, the escrow officer, testified that the parties signed the escrow on March 8th and left in her possession a deed from defendants to plaintiffs.

The escrow data referred only to this deed and contained the following words: "Mortgage assumed of record $4260"; "By second mortgage to of record $1500"; "Other payments prop. exch. $8240"; "Total consideration $14000"; "Amount assumed by buyer $5760"; "Date of present encumbrances—Due"; "Newton to defend suit against same, leave trust deed and assign interest in same to secure defense of suit." It will be seen from the most casual observation of the above provisions that they are totally inconsistent with the terms of the original agreement whereby the defendants Newton were required to convey their property free from all encumbrances. On the other hand, the terms of this escrow are all consistent with the testimony offered by defendants. Mrs. Yale further testified that the following document was handed to her by defendant J. W. Newton, in the presence of the plaintiffs, as a part of the instructions:

"Tuckers to assume $4260.00 at 8% and $1500.00 at 8% on 20 acres, Newton to assume $2500 at 8% and $1000 8% on courts also furniture lease, Newtons to assume not to exceed $750. All interest, taxes & insurance etc. to be prorated at March 4th, 1922. Newton to put up as security his equity of $4250 in a certain trust deed to guarantee to Tuckers that a suit to quiet title to the 20 acres will be defended & cleared of record.

"J. W. Newton.<br>"OK M.D.Y."

The above was also incompatible with the terms of the original agreement. The witness further testified that, pursuant to her suggestion, a $1,000 bond was left in escrow by defendants to guarantee defending the title, in addition to the trust deed, which was not accompanied by the note. Mrs. Yale also testified that the parties made certain alterations in the original exchange agreement and left the altered copy in escrow on March 8th. These alterations provided for payment for the personal property by defendants Newton, and canceled a cash payment of $2,000. While the subsequent transaction was very informal and in many respects not in accordance with the rules of good business practice in real estate matters, yet we find evidence sufficient to support the finding of the trial court that the

parties entered into a new oral agreement subsequent to the written agreement of March 4th.

Appellants urge, and respondents concede, that the escrow data of March 8th did not constitute a contract. It was not the finding of the trial court that the escrow instructions constituted a contract, but the court did find that the parties entered into a new oral agreement on March 8th, and "that on the same day and in furtherance of the said oral agreement, plaintiffs and defendants signed certain escrow instructions, a copy of which is annexed to defendants' answer, marked Exhibit 'A' and made a part of the same, wherein and whereby it appears that the said property exchanged by the defendants to the plaintiffs is to be taken subject to the encumbrances of record."

[2] It is claimed by appellants that there is a fatal variance between the pleadings and the proof, for the reason that the defendants abandoned the theory of defense pleaded in their answer, namely, that the agreement sued upon was canceled and the exchange consummated pursuant to the signed agreement called "Escrow data," without seeking leave to amend the answer to conform to the proof that the exchange was consummated by an executed oral agreement. Appellants are correct in their statement that the answer does not plead an executed oral agreement, but does merely plead that the escrow instructions constituted the subsequent agreement made and entered into by plaintiffs and defendants. However, the proof offered by defendants was upon the theory of an executed oral agreement between the parties. Appellants' brief contains this statement: "Counsel on both sides and the trial judge proceeded on the theory that all the surrounding facts should be brought out in evidence." Having proceeded on this theory at the trial, appellants cannot be heard to object for the first time on appeal. [3] The rule is well established that where the parties have proceeded to trial upon a pleading, without objection to its sufficiency to raise a particular issue, and evidence has been received as to facts and the issue found upon, the party whose duty it was to object will not be heard in this court to say that the finding is not within the issue. (*Rutz* v. *Obear,* 15 Cal. App. 435 [115 Pac. 67]; *Illinois T. & S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 297 [47 Pac. 60]; *Yik Hon* v. *Spring Valley Water Works,*

65 Cal. 619 [4 Pac. 666].) The plaintiffs cannot avail themselves here of an objection which they failed to make in the superior court, especially when it appears that the ground of objection could have been removed by amendment to the answer, if it had been made. (*Barrell* v. *Lake View Land Co.,* 122 Cal. 129 [54 Pac. 594].) Section 469 of the Code of Civil Procedure provides: "No variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been so misled, the court may order the pleading to be amended, upon such terms as may be just." Had the appellants been misled they could have objected to evidence of the oral agreement, and the court then could have ordered the pleading to be amended upon such terms as might seem just. [4] Appellants also object to a variance between the proof and the findings; but we find sufficient evidence to support the findings.

[5] Appellants also contend that the oral agreement was ineffective to alter the written contract, because not fully executed. In support of this argument appellants' only specification is that defendants agreed to assign a trust deed as security for the defense of the title suit, and that this was not done. This agreement was incidental or collateral to the oral agreement of exchange. As before stated, it was suggested by the escrow officer that the trust deed would have no value as security unless accompanied by the note; and upon this suggestion being made, with the assent of plaintiffs, a bond of $1,000 was filed by the defendants as guaranty of defense of the quiet-title suit. It further appears from the evidence that no defense to the action had been made for the reason that defendants had not been served with summons and complaint and no attempt had been made to prosecute the action. According to the evidence the parties entered into possession immediately after the oral agreement of March 8th. The delivery of the deed and the exchange had in all respects been fully executed. There has been no failure of defendants to perform an incidental agreement to defend the quiet-title suit, and failure to assign the trust deed under the circumstances of this

case does not, in our opinion, point to the conclusion that the oral agreement of exchange was not fully executed.

[6] Appellants' contention that the subsequent agreement was void for lack of consideration is without merit. Abandonment of the original agreement except as to parties and descriptions of properties, and the substitution of new terms of exchange whereby each party receives property of value subject to existing encumbrances, constitute, in our belief, a valuable consideration.

[7] Appellants finally object to the findings as a whole. We have examined the findings and the testimony offered by defendants in support thereof, and see no prejudicial error in the findings.

It is therefore ordered that the judgment be affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 13, 1927.