[No. 15750. Department One.—April 2, 1895.]

EDWARD C. LOFTUS, APPELLANT, v. JACOB A.
FISCHER, RESPONDENT.

PLEADING—DEFECTIVE DENIALS—ADMISSIONS.—Imperfect and defective denials, if acted upon as sufficient at a trial, are in no sense admissions of the allegations of a pleading which are attempted to be denied.

FINDINGS—CONCLUSIVENESS OF APPEAL.—Where the evidence is not before the appellate court the findings of fact are conclusive as to the matters therein stated.

SALE OF STOCK—ACTION TO REFORM CONTRACT—ACKNOWLEDGMENT OF INDEBTEDNESS—CONDITION OF SALE—INDIVISIBLE CONTRACT.—Where a purchase of stock in a mining corporation is made on condition that the purchaser acknowledge an indebtedness of a specified sum as properly due on part of the shares, and also acknowledge an aggregate indebtedness to the seller of the stock in a specified sum, the contract is an entirety and indivisible, and cannot be reformed by striking out the acknowledgment of indebtedness upon the shares upon the ground of mistake of fact or law.

ID.—MISTAKE OF LAW.—A mistake of law of the purchaser in believing the advice of the vendor of the stock that under the contract only the dividends of the stock should be applied to the payment of the indebtedness is no ground upon which to reform the contract so as to conform to plaintiff's intentions as to what the contract should be in disregard of the intentions of the vendor, especially where it appears that no misrepresentations were made by the vendor and no fraud was practiced by him upon the purchaser, and that the purchaser entered into the contract with the full knowledge of its contents and its meaning.

PRACTICE—TRIAL WITHOUT PASSING UPON DEMURRER—ERROR WITHOUT PREJUDICE.—The fact that a trial was had without passing upon a demurrer to the answer before rendering a decision in the case is not prejudicial error where it appears that the demurrer is without merit, and it will be presumed upon appeal that it would have been overruled if passed upon by the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*James L. Crittenden*, for Appellant.

Under the admitted facts the plaintiff was entitled to a judgment for the reformation of the contract claimed by him. (Civ. Code, secs. 2215–89.) The court erred in making a decree in favor of the defendant before passing upon the plaintiff's demurrer to the answer.

(*Huse* v. *Moore,* 20 Cal. 116; *Calderwood* v. *Tevis,* 23 Cal. 337; *Fincher* v. *Malcolmson,* 96 Cal. 41.)

*Wheaton, Kalloch & Kierce,* and *Scrivner & Schell,* for Respondent.

There being nothing in the demurrer, the mere fact that the court did not pass upon it did not injure the plaintiff, and it is no cause for reversal. (*McCarthy* v. *Yale,* 39 Cal. 586; *Patterson* v. *Donner,* 48 Cal. 378; *Fincher* v. *Malcolmson, supra; Ferrier* v. *Ferrier,* 64 Cal. 24; Code Civ. Proc., sec. 475; *In re Spencer,* 96 Cal. 454; *Consolidated Nat. Bank* v. *Pacific Coast S. S. Co.,* 95 Cal. 15; 29 Am. St. Rep. 85; *Abadie* v. *Carrillo,* 32 Cal. 174.)

GAROUTTE, J.—This is an action in equity to reform a written contract. Judgment went for the defendant, and an appeal is taken upon the judgment-roll alone, without a bill of exceptions. The contract sought to be reformed was the result of the following state of facts: Loftus was the owner of 5,000 shares of stock of a certain mining corporation. Fischer was the owner of a much larger number of shares. Loftus desired to purchase of Fischer 6,800 shares. Fischer claimed that Loftus was already indebted to him in the sum of $5,000. The price agreed upon for the stock was $10,971.80, and no money was to be paid in hand at the time. As a result of these negotiations the following contract was entered into between the parties:

"Know all men by these presents, that the undersigned, Edward C. Loftus, . . . . hereby acknowledges that he is indebted to Jacob A. Fischer, of the city and county of San Francisco, state of California, in the sum of fifteen thousand nine hundred and seventy-one and eighty-one one-hundredths ($15,971.81) dollars, the purchase price of eleven thousand eight hundred (11,800) shares of the capital stock of . . . . mining company, . . . . which said shares the undersigned, E. C. Loftus, has herewith deposited with said J. A. Fischer as security for said sum aforesaid; and the said E. C. Loftus does

hereby agree to repay said sum, together with interest at the rate of eight (8) per cent per annum from and after the twelfth day of June, 1891, it being, however, understood and agreed that said Fischer is to look to said shares alone for payment of said sum of $15,971.81, and that no liability outside thereof is to attach to said Loftus."

Plaintiff alleges that he was not indebted to defendant in the said sum of $5,000, and that defendant willfully and knowingly misrepresented the facts in reference thereto; and by his complaint he prays for a decree that he was laboring under a mistake of fact as to such matter, and further prays that the agreement be modified "in so far as the same provided and recited that the plaintiff was or is indebted to the defendant in any other or greater sum than $10,971.80." He further asks for a decree that said agreement was signed and executed by the plaintiff under a mistake of law, in that he, the plaintiff, was laboring under a misapprehension of the law in regard to the legal meaning and effect of said agreement, and believed and supposed that said agreement provided that the indebtedness mentioned in said agreement should be paid only out of dividends declared on the said stock.

The complaint is loaded down with matter which we deem entirely immaterial to any question which can properly arise upon the merits of the case. An answer was filed, the case proceeded to trial, findings of fact and conclusions of law were also filed, and judgment for defendant duly entered. Appellant now asserts that the findings of fact are contrary to facts admitted by the pleadings, and in this regard declares that many of the denials of the answer are defective. It is a complete disposition of a great portion of counsel's argument on this branch of the case, when we say that imperfect and defective denials, if acted upon as sufficient at the trial, are in no sense admissions of the allegations of a pleading which are attempted to be denied. Again, many of the matters admitted by the answer are wholly im-

material to the case, and, even though there should be findings of fact contrary to such admitted allegations, the contradictions would avail nothing.

The evidence is not before us, and consequently the findings of fact are conclusive as to the matters therein stated. In relation to the contract entered into by these parties the court made the following finding: "On said 12th day of March, 1891, Loftus desired to purchase from Fischer 6,800 shares of said stock, and Fischer was willing to sell the same; but he, Fischer, on said 12th day of March, 1891, required of Loftus, as a condition to selling him said 6,800 shares of stock, that he, Loftus, should acknowledge an indebtedness of said $5,000 as being properly due on said 5,000 shares. The agreement was thereupon made between them that Fischer should convey to Loftus said 6,800 shares, and that Loftus should acknowledge an indebtedness to Fischer of an aggregate amount of $15,971.81." There is no admitted allegation of the complaint contrary to this finding, and it not only supports the judgment, but necessarily controls it against the plaintiff. This is not an action to rescind, but an action to reform. Under this finding the contract was an entirety, and was indivisible. It could not be reformed as desired. The plaintiff had to acknowledge it all or repudiate it all. He had to take the bad with the good, the fat with the lean. The other findings of fact may all be given to him, and yet the finding quoted will always stand in his way as an unsurmountable barrier to a recovery.

The contention as to mistake in law upon plaintiff's part, in believing the advice of said Fischer that under the contract only the dividends upon the stock should be applied to the payment of the indebtedness, has no merit. Conceding, for present purposes, such mistake in law furnished sufficient ground for a rescission of the contract, it was no ground upon which to reform the contract, so that it might conform to plaintiff's intentions as to what the contract should be. For aught that appears to the contrary, the contract upon its face, and

as it was written, expressed Fischer's intentions, and he had the same right to insist upon it standing as written, as plaintiff had to reform it in consonance with what he intended it should be. To further dispose of this question, it might be suggested that the trial court found in detail that Fischer made no misrepresentations in this regard, and practiced no fraud upon plaintiff; and that plaintiff entered into the contract with a full knowledge of its contents and its meaning.

After the case was submitted for decision defendant, by leave of the court, filed an answer to certain amendments to the complaint. Plaintiff demurred to this answer, and now insists that the court committed error in not passing upon the demurrer before rendering a decision in the case. The evidence is conflicting upon the question of service of the demurrer, and also leaves the matter in doubt as to whether or not the court in fact passed upon the demurrer prior to its decision upon the merits, but we deem both matters entirely immaterial. The important question is, Had the demurrer any merit? If the demurrer was in fact overruled by the trial court, then we must review that ruling. If the demurrer was not passed upon by the trial court, and yet possessed no merit, the plaintiff has not been prejudiced. A violation of the mere abstract right to have the court pass upon a demurrer is not prejudicial error. We must assume here that the trial court would have acted rightly and legally in disposing of the demurrer, and would have overruled it if the law demanded it. The plaintiff has no right to assume that the court would have done otherwise. Upon an examination of the demurrer it is sufficient to say we see no merit in it.

For the foregoing reasons the judgment is affirmed.

Henshaw, J., and Van Fleet, J., concurred.