[S. F. Nos. 3166 and 3314.    Department One.—May 3, 1905.]

JOHN McDONALD, Respondent, v. PACIFIC DEBENTURE COMPANY, Appellant.

ACTION FOR MONEY HAD AND RECEIVED—PLEADING—COMMON COUNT—INDEBTEDNESS—ANSWER.—Where the complaint is in the form of the common count, alleging indebtedness of the defendant for money had and received, for the use and benefit of plaintiff's assignor, the answer may specifically take issue upon the indebtedness alleged. The defendant is not required to deny the allegations in any more specific language than that set forth in the complaint.

ID.—MONEY PAID UPON DEBENTURE—REFUSAL OF PERFORMANCE—RESCISSION—RECOVERY OF MONEY PAID.—Where by the terms of a contract money was to be paid monthly for five years, by the plaintiff and each of his assignors, in consideration of which defendant was to pay certain coupons yielding an increased sum, according to a specified table of payment, and after a number of monthly payments were made the defendant refused to perform or to receive further payments, though tendered, the payors were entitled to rescind the contract, and the money paid thereon may be recovered back.

ID.—LEGALITY OF CONTRACT—LOTTERY.—Such contract is not shown to be a lottery, or of an illegal character, and the question whether the parties are *in pari delicto* is not pertinent to the case.

ID.—RESTORATION OF CONTRACT—CONDITION PRECEDENT—OFFER AT TRIAL.—It was not necessary for the plaintiff or his assignors to return or offer to restore the rescinded contracts as a condition precedent to the right to recover the money paid, since absolute refusal of defendant, either to perform or to return the money received, relieved the other parties from offering to return or cancel the contracts before suit. It was sufficient to justify recovery to produce the contracts at the trial, and offer to cancel them or deliver them up.

Id.—Exclusion of Evidence—Disposition of Monthly Payments.—
The court properly excluded evidence for the defendant to show
what disposition had been made of the monthly payments, as the
liability does not depend thereupon, but solely upon its refusal
to proceed with the undertaking, and the consequent right of the
holders of the contracts to rescind.

APPEALS from a judgment of the Superior Court of the
City and County of San Francisco and from an order de-
nying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, C. A. Elliott, and D. E. Alexander, for Ap-
pellant.

Louis S. Beedy, and John T. Pidwell, for Respondent.

SHAW, J.—These two cases present appeals from a judg-
ment and from an order denying the defendant's motion for a
new trial in the same case. No. 3166 presents the appeal
from the judgment, and No. 3314 an appeal from the order
denying the motion for a new trial.

The complaint sets forth a cause of action in twenty-nine
separate counts for money had and received. The plaintiff
sues in the first count for money had and received on his own
account by the defendant for his use, and in the subsequent
counts upon similar demands by others, assignors of the
plaintiff.

It is admitted by the respondent that, by reason of certain
clerical errors in the computation of the amount, judgment
was rendered for fifty-two dollars in excess of the amount
actually due to the plaintiff, and the judgment must be modi-
fied to that extent.

The respondent claims that the answer admits all of the
allegations of the complaint, except the allegations of the
assignment by the respective original claimants to the plain-
tiff in the action. The allegations in respect to the counts
of the complaint and the denials thereof in the answer are all
in the same form, and can best be shown by setting forth in
full the portions thereof relating to the second count of the
complaint. That portion of the complaint was as follows:
"2. That said defendant was indebted on the 2d day of July,

1901, to Withold Friedman in the sum of $218 lawful money of the United States, for money had and received by said defendants for the use and benefit of said Withold Friedman.''

The remaining portion of this count consisted of an allegation of the assignment and a statement that the amount was unpaid. The answer as to this part of the second count of the complaint is as follows: ''Denies that on the 2d day of July, 1901, or upon any day, or at all, it was indebted to Withold Friedman, in the sum of $218, or in any sum, or at all, for money had and received for the use and benefit of the said Withold Friedman, or for, or upon, any account, or at all.''

Although it is not strictly in compliance with the code provision that the complaint shall consist of a statement of the facts constituting the cause of action, yet it has been settled by repeated decisions that a complaint for money had and received in the language contained in the complaint in this action is sufficient. We are of the opinion that where this form of complaint is used by the plaintiff the defendant is not required to deny the allegations in any more specific language that that in which they are set forth in the complaint. The particular criticism of the respondent is, that the answer does not deny that the defendant did in fact have or receive money for the use of Withold Friedman. The same criticism might be extended to the complaint in the form used by the respondent. It does not directly allege that the defendant had actually received money for the use of Withold Friedman. We can perceive no good reason for holding the defendant to a more strict rule of pleading than that allowed in favor of plaintiff. The cases cited by the respondent upon this proposition do not go so far as we are asked to go in this case, to hold the answer insufficient. Moreover, it appears from the record that the answers were treated in the court below, both by the court and by all the parties, as sufficient to raise an issue upon all the allegations in the complaint.

A considerable portion of the argument on both sides is devoted to a discussion of the question whether or not, conceding that the transaction between the defendant and the respective original holders of the demands sued on consti-

tuted a participation in a lottery scheme, the plaintiff is entitled to recover, it being claimed by defendant that the parties are *in pari delicto* in an unlawful contract and that a court will not aid either, but will leave them as it finds them, and by the plaintiff that the holders of the contracts are not equally guilty with the company, and that plaintiff may recover, notwithstanding the fact that the money was paid for a share in a lottery scheme. We do not find it necessary to consider this question. There is no sufficient evidence that the enterprise was a lottery. The only evidence on the subject consists of the contents of one of the contracts, or debentures, issued by the defendants, which is set forth in full. It shows that in consideration of the payment by the holder of two dollars, monthly, for one hundred and twenty consecutive months, the defendant agreed to pay the holder four hundred dollars in the manner provided in the contract. Eight coupons for fifty dollars each, payable to bearer, and numbered consecutively from 14537 to 14544, were attached to the particular contract set forth. These were to be surrendered and paid whenever ''called for redemption'' by the company. Fifty per cent of the monthly payments and other receipts of the company was to be put into a ''maturity fund'' and used ''for the payment of coupons under the redemption privilege as shown by the table of payments,'' and the other moiety was held for payment of such of the coupons as should not be called in during the one hundred and twenty months, and to pay for the services of the company. The ''table of payment of coupons'' was, so far as necessary to give it, as follows:—

"1 then   4   then   8 then   16 then   24 then   32 then   40 then   48
"2 then (paid) then   56 then   64 then   72 then   80 then   88 then   96
"3 then   12   then 104 then 112 then 120 then 128 then 136 then 144

''And so on indefinitely, using four as a multiple and paying six terminal coupons after each multiple until the terminal number shall exceed the number sold, when payment shall revert to the numerals and multiples.''

There is no further explanation of what this ''table of payment'' means. Whether the puzzle can be solved with or without extrinsic aid not afforded by the record we need not decide, for it is at least clear that, on its face, it does not make

the time or order of payment of any coupon depend on chance or hazard. The effect of the contract is that the defendant will pay the coupons in accordance with the table given, whatever it may mean, during the time that the holder is making the monthly payments, and that at the expiration of that time, that is ten years after the monthly payments begin, it will pay whatever then remains unpaid of the four hundred dollars promised.

We do not perceive in this contract anything which partakes of the nature of a lottery, and consequently the discussion concerning the rights of the respective parties upon the theory that the enterprise was illegal is not pertinent to the case.

Upon the facts as presented in the evidence the case is comparatively simple. In the case of the contract executed by the defendant to the plaintiff himself, for instance, after the plaintiff had paid the sum of $54.50 in monthly payments, in accordance with the contract, he offered on July 1, 1901, to make the monthly payment then due under the terms of the contract. The defendant refused to receive the payment, and stated that the company had decided to go no further with its business; that it proposed to liquidate its outstanding indebtedness, and would no longer carry on or continue the performance of the contract on its part. The plaintiff was ready and willing to pay the installment then due, but the defendant not only refused to receive the same, but its agent refused further conference, and left the presence of the plaintiff without allowing him to make further tenders or demands. Thereupon, treating his contract as rescinded, the plaintiff brought the action to recover the sum of money which had been already paid in pursuance of the contract. The same transactions occurred with reference to each claimant who subsequently assigned his claim to the plaintiff, and which constitute the causes of action set forth in the complaint. The court was justified from this evidence in finding that the defendant refused to go on with the contract, that the consideration for the previous payments had failed by the fault of the defendant, and that the plaintiff had the right to rescind, and its conclusion that the plaintiff was entitled to recover is correct. (*Duncanson* v. *Walton*, 111 Cal. 516; Civ. Code, sec. 1689, subd. 2.)

It was not necessary to return or offer to restore the contract as a condition precedent to the right to recover the money paid. The defendant's conduct was, in effect, a positive refusal under any circumstances to return ·the money already received, and this positive refusal relieved the other parties from the necessity of offering to return or cancel the contract, prior to beginning the action. (Civ. Code, sec. 1691, subd. 2.) Upon the trial the plaintiff produced all the contracts involved and offered to cancel them, or deliver them to defendant. This was sufficient to entitle plaintiff to recover.

Exceptions were taken to the refusal of the court to allow an inquiry in regard to the disposition of the monthly payments. We cannot perceive any theory upon which such evidence would be admissible. The liability of the defendant did not depend upon its ability to pay the demand, nor upon the disposition of the money it had received, but upon its refusal to proceed with the undertaking, after recovering payment in part, and the consequent right of the holders of contracts to rescind.

There are no other questions in the record which we think worthy of notice.

The judgment of the court below is modified by deducting therefrom the sum of fifty-two dollars, allowing the same to stand as a judgment in favor of the plaintiff against the defendant for $2,112.50, with interest from its date, and as so modified the judgment is affirmed without costs to the respondent.

The order denying a new trial is also affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.