[Civ. No. 4186. First Appellate District, Division Two.—May 22, 1922.]

## H. P. GARIN, Appellant, v. ALLEN E. PELTON et al., Respondents.

[1] CERTIORARI — DISMISSAL OF PROCEEDING ON DEMURRER—APPEAL—
JUDGMENT-ROLL.—On an appeal from a judgment in *certiorari*
either affirming or annulling the proceedings of an inferior tri-
bunal the judgment-roll consists of a copy of the judgment at-
tached to the writ and return, but when the proceedings are on
demurrer only, the inquiry is really one as to whether the petition
states facts sufficient to justify the review of the proceedings of
the inferior tribunal, and when the cause is dismissed upon the
sustaining of a demurrer without reviewing the proceedings, the
petition and the demurrer thereto are a part of the judgment-
roll, and the return to the writ *is of no assistance in the deter-*
*mination of the appeal.*

MOTION for diminution of the record on appeal from a
judgment of dismissal of a proceeding in Certiorari. De-
nied.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

Pillsbury, Madison & Sutro, J. Allison Bruner and Chas.
A. Ruggles for Respondents.

NOURSE, J.—An appeal is pending in this court from a
judgment of dismissal entered after the trial court had sus-
tained, without leave to amend, defendants' demurrer to a
petition for a writ of *certiorari*. The transcript on appeal
contains a copy of the petition, demurrer thereto, the
minute order sustaining the demurrer, the judgment, the
notice of appeal therefrom, and the clerk's certificate. In
this motion for diminution of the record respondents ask
that the appellant be required to include in the transcript
on appeal a copy of the writ and return thereto which they
assert they filed in response to said writ.

It appears without dispute that the entire proceedings
in the superior court were confined to the hearing of the

demurrer to the petition and that upon the sustaining of that demurrer the court dismissed the proceedings. If the return had been before the court and had been considered for the purpose of reviewing the proceedings of the respondents, the judgment would have been one of affirmance of those proceedings rather than a dismissal of the action. (Sec. 1075, Code Civ. Proc.) [1] On an appeal from a judgment in *certiorari* either affirming or annulling the proceedings of an inferior tribunal the judgment-roll consists of a copy of the judgment attached to the writ and return. (Sec. 1077, Code Civ. Proc.) But when the proceedings are on demurrer only (the filing of which is permitted under section 1109 of the Code of Civil Procedure), the inquiry is really one as to whether the petition states facts sufficient to justify the review of the proceedings of the inferior tribunal. The effect of the filing of a demurrer under such circumstances is to adopt the petition as the return. When the cause is dismissed upon the sustaining of a demurrer without reviewing the proceedings, the petition and the demurrer thereto are a part of the judgment-roll from the judgment of dismissal. They are papers which the appellate court is required to examine on an appeal from such a judgment. (*Stoner* v. *City Council,* 8 Cal. App. 607, 612 [97 Pac. 692].)

The suggestion for a diminution of the record is made under section 953 of the Code of Civil Procedure (as amended by Stats. 1921, p. 194), which provides that when it appears that a paper which was before the trial court is omitted from the record on appeal and that "an examination of such paper or record will assist in a determination of the appeal on its merits," the appellate court may require its production as part of the record on appeal. Though, strictly speaking, the return in this case may have been before the trial court in that it was on file in the clerk's office, it is undisputed that the trial court did not consider it but based its judgment solely upon its ruling on the demurrer to the petition. Our review of the judgment being confined to proceedings had in the trial court, this return would be of no assistance to this court in the determination of the appeal.

The motion is denied.

Langdon, P. J., and Sturtevant, J., concurred.