[Civ. No. 3941.   Second Appellate District, Division Two.—April 29, 1924.]

## J. W. CURNS, Respondent, v. J. F. BRANNON, Appellant.

[1] BROKER'S COMMISSION—AMOUNT AGREED TO BE PAID—PLEADING—ADMISSIONS—EVIDENCE.—In this action to recover a specified sum for procuring a purchaser ready, willing and able to buy certain real property belonging to defendant and which was listed with plaintiff as broker under a written contract which provided for payment of "the usual commission," defendant's answer, in which he denied that he agreed to pay plaintiff the amount alleged in the complaint "or any other sum over and above" a specified lesser sum, was sufficient to raise an issue as to the amount defendant agreed to pay to plaintiff; and, notwithstanding the complaint was verified, plaintiff having failed to introduce any evidence in support of his allegation as to the amount defendant agreed to pay, the judgment in favor of plaintiff for the amount alleged in the complaint was erroneous.

[2] ID.—DEFECTIVE DENIAL—ADMISSIONS.—Although defendant's denial in such case that he agreed to pay plaintiff the amount

1. See 4 Cal. Jur. 634; 4 R. C. L. 332.
2. See 21 R. C. L. 445, 526.

alleged in the complaint "or any other sum over and above" a specified lesser sum was incomplete, in that it should have been added by apt language that such denial referred to the asserted promise to pay for the services rendered as a real estate broker in the transaction sued upon, where no objection was made to such form of pleading, it was not an admission of the allegation attempted to be denied.

(1) 9 **C. J.**, p. 656, sec. 127. (2) Brokers, 9 **C. J.**, p. 638, sec. 112; p. 642, sec. 115.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Reversed.

The facts are stated in the opinion of the court.

John C. Miles for Appellant.

A. J. Bledsoe for Respondent.

CRAIG, J.—Defendant appeals from a judgment rendered in favor of the plaintiff for the sum of $325 alleged to have been earned as commission for procuring a purchaser ready, willing and able to buy certain real property belonging to defendant, listed with plaintiff as broker, under a written contract dated September 9, 1921.

The complaint alleges that between the first day of September, 1921, and the twenty-ninth day of September, 1921, by a written agreement plaintiff was employed by defendant to procure a purchaser for said property, and that for such services defendant agreed to pay plaintiff the sum of $325. Defendant denied that he agreed to pay the plaintiff the sum of $325 "or any other sum over and above the sum of one hundred dollars ($100.00)."

The writing in controversy was introduced in evidence, and that portion having to do with the dispute herein is in the following language:

"Los Angeles, Sept. 9, 1921.

"J. W. Curns, I employ you to sell for 60 days or exchange the following property, for which I agree to pay you the usual commission for your services. 60 days. Exclusive." Then follows certain data and a description of the property.

Evidence was introduced in behalf of the plaintiff tending to show that defendant signed this instrument, and that on September 21, 1921, plaintiff tendered to defendant a buyer ready, willing and able to purchase the property upon the terms specified therein, but that the defendant refused to convey. The defendant offered no evidence in his own behalf.

The court found "from the evidence introduced" that all the allegations of the complaint herein are true, "and as a conclusion of law from the foregoing facts, the court finds that plaintiff is entitled to judgment in the sum of three hundred and twenty-five (325) dollars."

[1] Appellant first attacks the judgment upon the ground that there is no evidence to support the allegations of the complaint, and particularly the finding that the defendant agreed to pay the plaintiff the sum of $325. A careful inspection of the record fails to reveal any evidence, other than the document quoted in part, which even mentions the subject of compensation. No evidence was offered to show what amount would be "the usual commission" for respondent's services. It is contended by respondent that inasmuch as his complaint was verified, defendant did not sufficiently deny the allegation "that for such service as a real estate broker in procuring said purchaser for said described premises, the defendant promised to pay the plaintiff the sum of $325.00." It is then argued that no evidence was necessary to establish the fact that defendant agreed to pay $325, because it had been admitted by failure to deny it. We do not think the authorities cited by respondent support this contention, since they are distinguishable from the case here presented, and from similar cases heretofore decided.

In *Ronning* v. *Way*, 18 Cal. App. 527 [123 Pac. 615], it was said that an allegation that certain property was worth $600 was not sufficiently traversed by the mere denial that the value was $600. *Kinney* v. *Maryland Casualty Co.*, 15 Cal. App. 571 [115 Pac. 456], involved a like denial, and the same may be said of *Marsters* v. *Lash*, 61 Cal. 623. These denials are each clearly in the form of a negative pregnant, and consequently insufficient. [2] In the case at bar the answer denies that defendant agreed to pay plaintiff the sum of $325 "or any other sum over and

above the sum of one hundred dollars." To be complete, it should have been added by apt language that this denial referred to the asserted promise to pay for the services rendered as a real estate broker in the transaction sued upon. But no objection was made to this form of pleading, and the case was tried as though the issue were properly raised. It is well established that denials which are merely imperfect or defective, if acted upon as sufficient at the trial, are not to be regarded as admissions of the allegations attempted to be denied. (*Loftus* v. *Fischer*, 106 Cal. 616, 618 [39 Pac. 1064]; *McDonald* v. *Pacific Debenture Co.*, 146 Cal. 667 [80 Pac. 1090]; *Board of Commrs.* v. *Southern Pacific Co.*, 177 Cal. 555, 557 [171 Pac. 294].)

We do not consider the other points raised tenable, but because of the entire lack of evidence to support the allegation mentioned and the finding upon it, that the defendant agreed to pay $325 for plaintiff's services, the judgment must be reversed, and it is so ordered.

Finlayson, P. J., and Works, J., concurred.