[Civ. No. 6220. First Appellate District, Division One.—March 1, 1928.]

ERNESTINE PROVENSAL, Appellant, v. EMILE MICHEL et al., Respondents.

J. E. Manning, Donovan & Lyman, August Donovan and John Jewett Earle for Appellant.

Abe P. Leach, Harry E. Leach and H. A. Stout for Respondents.

PARKER, J., *pro tem.* — This is an action in equity wherein plaintiff seeks to have set aside and declared of no effect a certain conveyance of real estate executed by her to defendant Joseph Michel. The property in question since the original transfer has been conveyed to other parties defendant. From a judgment in favor of defendants the plaintiff presents this appeal.

The complaint alleges that plaintiff was and is a widow, with little knowledge of the English language and having no familiarity with business transactions; that Joseph Michel, a trusted friend of plaintiff and her deceased husband, had, since the death of said husband, pursuant to a death-bed promise, been the confidential adviser of plaintiff and the one to whom she looked for guidance in her business affairs and in whom she placed full faith and trust; that she had

no independent advice or no means of knowledge other than through said Joseph Michel.

Summing up the further allegations, the cause of action is that said Joseph Michel, to his own advantage and gain, abused this trust and confidence and, falsely representing to plaintiff that she was signing some document of minor importance, procured from her a deed conveying the property in dispute to one Emile Michel, son of Joseph; that thereafter Emile Michel transferred to the Myers, and the latter conveyed to Monez and his wife. The real property described is in the county of Alameda, state of California.

It is admitted that the deed to Emile Michel was in truth a conveyance to Joseph Michel, the former merely taking the title with no direct interest in the property.

The trial court made a finding as follows: "As to the allegations in that portion of paragraph IX of plaintiff's amended complaint reading as follows: 'that since the death of said plaintiff's husband said Joseph Michel has been the trusted friend, adviser and manager of said plaintiff,' the court finds that each, all and singular the allegations contained in that portion of paragraph IX of said amended complaint last above quoted are and each of them is untrue."

The first contention of appellant is that this finding is contrary to the admission in the pleadings. The complaint alleges "That since the death of said plaintiff's husband said Joseph Michel has been the trusted friend, adviser and manager of said plaintiff." The answer of defendants Michel is as follows: "Denies that since the death of said plaintiff's husband said Joseph Michel has been the trusted friend, adviser and manager of said plaintiff." The argument of appellant is that, the relationship having been admitted, the burden of proof shifted to defendants Michel to show the utmost good faith in all of their transactions with plaintiff. Whatever the argument may be, the case discloses that no effect was given this claimed admission in the court below. Both sides proceeded with the case on the theory that the relationship between plaintiff and Michel was an issue in the case, and the trial court found against plaintiff thereon. It may well be that the denial is pregnant with some admissions, but an analysis would result only in a construction of the language employed. It is a

complete disposition of counsel's argument on this branch of the case when we say that imperfect and defective denials, if acted upon as sufficient at the trial, are in no sense admissions of the allegations of a pleading which are attempted to be denied. (*Loftus* v. *Fisher*, 106 Cal. 618 [39 Pac. 1064]; *Stockton Works* v. *Glenn Falls Ins. Co.*, 121 Cal. 171 [53 Pac. 565].) In *Fitts* v. *Mission Health Shop*, 58 Cal. App. 365 [208 Pac. 693], the court says: "It does not appear that plaintiff, by demurrer, motion or otherwise, has heretofore raised the point that the denials in the answer were defective. It does appear that they were acted upon at the time of the trial as sufficient. Under such circumstances appellant cannot at this time avail himself of the ground that they are in fact imperfect and that they are general instead of specific in form." Also, *Curns* v. *Brannon*, 66 Cal. App. 794 [226 Pac. 941], to like effect. Therefore in the instant case we will conclude that there was an issue before the trial court on the question presented by the complaint and that the finding was responsive thereto. It might be further noted that the defendants other than the Michels appeared separately, and answering the complaint did put in issue this allegation.

Appellant next urges that if we treat the question as being an issue in the case, then the evidence is insufficient to support the finding.

We find in the record a sharp conflict as to the facts. In this situation we will not disturb the trial court's findings. Appellant concedes the power of a reviewing court in this respect, but argues that if the trial court against an admission finds a fact as in this case, the rule is changed. Expressing it differently, appellant contends that the trial court erred in placing upon appellant the burden of proof throughout the case; that if the confidential relationship was shown as a matter of fact, then the burden of showing good faith and fair dealing shifted to defendants. However, at the outset we are confronted with the finding that such relationship did not exist; and as far as the trial court's action is concerned, it was incumbent upon appellant to prove that relationship before the burden rested upon defendants.

The whole case as argued here involves a conflict of fact on every issue. We have before us almost one thousand

pages of testimony, and to digest this and incorporate it in this opinion would only serve to demonstrate the existence of the conflict referred to. We accept the trial court's findings.

Appellant specifies errors of law occurring at the trial.

Plaintiff made the following offer of proof: "I want to prove not only that plaintiff expressed astonishment but refused to be convinced, and even went further, she went with two other people to have the record searched, and finally when she had the final word and the record was searched and the title was in Emile Michel's name she burst out crying." The offer upon objection was refused and the proffered evidence excluded. The offer refers to the acts and conduct of plaintiff when others told her that the deed in question had been executed. It appears that the deed was executed about two years before the incident concerning which the offer was addressed. On whatever theory the offer was made the ruling of the court cannot be held erroneous. The trial court had all of the parties before it and heard all of the facts. The fact that plaintiff two years after the deed may have expressed astonishment, doubt, or regret could have but little bearing on the question at issue. If she had reason to express all of these emotions, the facts would be sufficient without the exclamations; if she had no reasons justifying the emotions, the expression thereof became quite immaterial. They were certainly not, as contended by appellant, any part of the *res gestae*.

Plaintiff offered in evidence a deed from plaintiff to defendant Emile Michel conveying property not described in the complaint. Upon objection, the trial court refused to admit the deed in evidence. Appellant urges that in a suit of this nature, wherein the relationship of the parties and their conduct toward each other is at issue, every fact bearing upon the situation has its merit. Conceding that, we still are at a distance from any reason sufficient to demand the admission of this deed upon the facts of this case. All that was offered was the deed to support the fact of a transfer. No evidence was offered as to the *bona fides* of the transaction, in fact, not a word of evidence concerning the same other than the offer, and this came at the close of plaintiff's case. The rule contended for by appellant that in an action where fraud in the purchase and sale of

property is in issue, evidence of other frauds of like character committed by the same party at or near the same time is admissible has no application. It is to be noted, moreover, that when reference was made to this deed in the earlier stages of the trial the court permitted the instrument to be marked for identification and withheld ruling upon the admission thereof so that plaintiff might have the fullest opportunity of showing the circumstances connected with the execution and delivery of said instrument. Plaintiff failed to accept the opportunity thus offered, and offered the deed as stated with no explanation or claim of fraud other than argument.

█ Appellant further urges that the trial court abused its discretion in refusing her permission to reopen her case in chief after defendants had rested. The purpose of reopening the case was to permit plaintiff to introduce further evidence on the question of the value of the premises conveyed. While no harm might have resulted from granting the request, yet it was a matter peculiarly within the discretion of the trial judge, and upon the record before us we cannot hold that any prejudice resulted to appellant through the trial court's action, nor can we say that in this instance the vested discretion was abused.

Other specifications of error are predicated upon the court's rulings in permitting or restricting direct and cross-examination of witnesses. In those instances where it is claimed that cross-examination was unduly restricted or else allowed too wide a scope, no reference is made to the direct examination of the witness. █ It follows that without a knowledge of the extent of the direct examination it becomes impossible to determine the propriety of the ruling on the limits of cross-examination. We have gone rather closely into the entire transcript, and find the grounds urged without substantial merit.

The case was tried without a jury, and the voluminous record manifests an earnest effort on the part of the trial court to ascertain the true facts. Much latitude was allowed all parties in presenting even remote facts bearing on the situation, and in such a case it is but usual that to some small extent the technical refinements of the harsher rules of evidence are made elastic enough to permit the fullest inquiry.

The court having found that the original conveyance from plaintiff to defendants Michel was without fraud, for a valuable and sufficient consideration and with full knowledge thereof, coupled with the express finding that no relationship of trust or confidence existed between the parties, the case is disposed of.

Judgment affirmed

Tyler, P. J., and Knight, J., concurred.