[Civ. No. 18510.   Second Dist., Div. Two.   Oct. 11, 1951.]

SOLOMON G. CHARACH et al., Respondents, v. MITCHEAL LANSING et al., Appellants.

Jones & Wiener and Edward Clayton Jones for Appellants.

Edward Mosk for Respondents.

MOORE, P. J.—Respondents recovered treble damages on their complaint that appellants charged rent in excess of the legal maximum permitted under the Housing and Rent Act of 1947. (61 Stats. 200; 50 U.S.C.A.App. § 1881 *et seq.*)

Appellants were the owners of certain premises on Saturn Street in Los Angeles which they leased to respondents for housing purposes pursuant to written lease for the period from October 1, 1948, to September 30, 1950. They concede that if the accommodations were subject to rent control during the period of the tenancy, the maximum lawful rental charge until March 7, 1950, would have been $40 per month. However, respondents testified that they agreed with appellants' agent to lease the premises at a rental of $100 per month; that prior to the execution of the lease they paid $606 in cash and thereafter, commencing in October, 1948, made monthly payments of $74.75. The sum of $606 was an advance payment of rent for 24 months at a rate of $24.25 per month. Mr. Charach testified that appellant had originally asked for $125 per month as rental but consented to make it $100 monthly when respondents agreed to make the advance payment.

The trial court found in accordance with the above facts and that there had been an overcharge of $60 per month.

Appellants seek a reversal of the judgment on the ground that plaintiffs failed to meet their burden of proof since it was not established that the premises involved were subject to rent control during the period involved in this suit.

■ Although the authorities are in dispute as to whether the plaintiff has the burden of proof of such issue, the Supreme Court of this state in *Heesy* v. *Vaughn*, 31 Cal.2d 701 [192 P.2d 753], has held that such burden must be borne by the plaintiff. · The latter decision involved a price violation arising from the sale of an automobile under the original Emergency Price Control Act of 1942 (50 U.S.C.A.App. §§ 901-946) but the principle is applicable to the case at bar since the 1947 act is but a continuation of the 1942 law, limited to control of rents only. In referring to the act, the court therein stated explicitly, "this act is highly penal in nature, and the burden is upon the plaintiff to plead and prove a violation, *even to the extent of negativing the statutory exceptions.*"

■ Respondents argue that appellants cannot now raise the issue of whether or not the premises were subject to control inasmuch as the answer failed to deny the allegation in the complaint as to a maximum allowable rental. It is true that normally such allegation would thereby be deemed admitted (Code Civ. Proc., § 462) but this is not the rule when the imperfect or defective denial has been acted upon as sufficient at the trial. (*Loftus* v. *Fischer*, 106 Cal. 616, 618 [39 P. 1064].) ■ This exception is applicable here for the record reveals that at the outset of the trial attorneys for both sides entered into a stipulation that the ceiling rental for the premises was $40 *if the property were subject to control and a ceiling did apply.* This latter point was specifically reserved as an issue for the trial. ■ Respondents cannot now claim that the matter of control was not in controversy when all parties and the court proceeded upon a theory that such issue was presented for adjudication. (*Miller* v. *Peters*, 37 Cal.2d 89, 93 [230 P.2d 803].)

Since plaintiffs introduced no evidence on the matter of the property's being subject to control, they cannot recover. ·

Judgment reversed.

McComb, J., concurred.

A petition for a rehearing was denied October 30, 1951, and respondents' petition for a hearing by the Supreme Court was denied December 6, 1951. Carter, J., voted for a hearing.