[Civ. No. 18754.   Second Dist., Div. One.   Apr. 21, 1952.]

JULIO GARCIA HUGONY, Appellant, v. JOHN J. La GUARDIA, Respondent.

Newman & Newman for Appellant.

No appearance for Respondent.

DRAPEAU, J.—The complaint in this case was for over-charge of rent, based upon the provisions of the Federal Housing and Rent Act of 1947. Plaintiff demanded trebled damages for rent alleged to have been wrongfully and maliciously collected by defendant, for attorney's fees and costs.

October 15, 1947 plaintiff and defendant entered into a written lease of a seven-room furnished house, with double garage and mechanical refrigerator. The lease was for one year, and the rental was $300 per month. Plaintiff took immediate possession, paid $3,600 rental for the year, and vacated the premises at the end of the term.

February 25, 1949 (four months after the tenancy ended), the federal area rent director issued an order decreasing the maximum rent of the property from $300 to $95 per month. Whereupon plaintiff brought this action.

So we have another example of surprising results from legislation enacted during the stresses of war and continued in effect too long after cessation of hostilities.

Issues were framed, and the case was tried by the judge of the court. Plaintiff was unable to produce testimony of actual service of the notice. On this issue the trial judge found for defendant, and judgment passed for him.

Section 840.108 of the rent procedural regulations provides: ". . . the area rent director . . . shall, before taking such action, serve a notice upon the landlord and tenant of the housing accommodations involved, stating the proposed action and the grounds therefor."

On appeal plaintiff argues that the affirmative of his case was established by introducing into evidence the order signed by the area rent director, with the file of the rent control office. In the file was a document entitled, "Notice to landlord of proceedings to determine a maximum rent." Plaintiff asserts that this was sufficient proof of service, because the burden of proof of lack of notice was upon defendant.

Defendant testified that he never received notice of the rent proceeding. The clerk in charge of the records of the rent control office testified that no notation of service appeared on the notice in the file. It follows, therefore, that at most

there was a conflict in the testimony, resolved by the judge whose province it was so to do. Whether service of the notice was or was not made was a question of fact. (*In re Spiers,* 32 Cal.App.2d 124 [89 P.2d 456] ; *Otsuka v. Balangue,* 92 Cal.App.2d 788 [208 P.2d 65].)

While some authorities are to the contrary, it has been settled in this state that in such cases as this plaintiff has the burden of proof. (*Heesy v. Vaughn,* 31 Cal.2d 701 [192 P.2d 753] ; *Charach v. Lansing,* 106 Cal.App.2d 735 [236 P.2d 1].)

Moreover, service of notice was required by constitutional law. Due process is involved. "Whatever the character of the proceeding by which one is deprived of his property, and whether it takes the property directly or creates a charge or liability which may be the basis of taking it, the law directing the proceeding must provide for notice, and opportunity to be heard, or the proceeding will want the essential ingredient of due process of law." (Syllabus from 12 West's Cal.Dig. 532, and cases therein cited.)

Defendant has not filed any brief to aid this court. Counsel for plaintiff have been eminently fair in their presentation of the facts and the law. While an independent inquiry disclosed them, this court appreciates the fact that plaintiff's counsel called attention to cases favoring defendant, thereby rendering a service in keeping with the high principles and conduct of the great majority of the members of the California bar.

The judgment is affirmed.

Doran, J., concurred.

White, P. J., concurred in the judgment.

A petition for a rehearing was denied May 12, 1952, and appellant's petition for a hearing by the Supreme Court was denied June 19, 1952.